Melvin Wilbert DUKES *v.* STATE of Arkansas

CR 80-189                                    609 S.W. 2d 924
Supreme Court of Arkansas
Opinion delivered January 12, 1981

*E. Alvin Schay*, State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted in the Jefferson County Circuit Court on two counts of aggravated robbery and two counts of theft of property and of being an habitual offender. The jury trial was conducted on May 9, 1980. Appellant was sentenced to 15 years on each of the two theft of property convictions and was sentenced to 50 years and a $10,000 fine on one aggravated robbery conviction and life in prison and a $15,000 fine on the other aggravated robbery conviction, all sentences to be served consecutively.

The only point argued on appeal is that appellant's motion to dismiss for lack of speedy trial was overruled. We disagree with the appellant on this contention.

Appellant was initially charged by information on October 18, 1978. The warrant was not served until November 20, 1979, nor was the appellant taken into custody by the

Jefferson County authorities until May of 1980. Appellant left the State of Arkansas before the warrant was served and went to California. He testified at the trial in Jefferson County that he was served with the warrant on November 18, 1978, while he was in the county jail in California. No other evidence or information supporting this statement is contained in the record. It is known that appellant commenced serving a sentence at Soledad, California, on March 4, 1979.

The warrant and information from Arkansas were served November 20, 1979, while appellant was incarcerated at Soledad. On the same day he filed a request for disposition of his Arkansas charges and was tried on May 9, 1980. Appellant's request for disposition is dated November 20, 1979. The warden at Soledad made an offer to deliver temporary custody of appellant to the prosecuting attorney in Jefferson County. This offer was also dated November 20, 1979. There are no other records in the transcript or briefs to indicate earlier action by either the appellant or the prosecuting attorney.

The appellant filed a motion for dismissal for lack of a speedy trial on April 17, 1980. The motion was denied during the trial of the case on May 9, 1980.

The demand for a speedy trial in this case was made pursuant to Interstate Agreement on Detainers codified as Ark. Stat. Ann. §§ 43-3201 − 3208 (Repl. 1977) and Arkansas Rules of Criminal Procedure, Rule 29.1. Rule 29.1 reads:

(a) If the prosecuting attorney has information that a person charged with a crime is imprisoned in a penal institution in the State of Arkansas, he shall promptly seek to obtain the presence of the prisoner for trial.

(b) If the prosecuting attorney has information that a person charged with a crime is imprisoned in a penal institution of a jurisdiction other than the State of Arkansas, he shall promptly cause a detainer to be filed with the official having custody of the prisoner and request such officer to advise the prisoner of the filing of the detainer and of the prisoner's right to demand trial.

(c) Upon receipt from a prisoner of a demand for trial upon a pending charge, the prosecuting attorney shall promptly seek to obtain the presence of the prisoner for trial.

Article III, § (a), of the Interstate Agreement on Detainers Act requires that a petitioner shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecutor written notice of the place of his confinement and a request for final disposition of his case. Rule 29.1(b) places the duty upon the prosecutor to promptly file a detainer upon learning that an accused is imprisoned elsewhere. The prisoner then has the right to demand trial and such trial must be had within 180 days unless there is good cause for a delay.

Neither the abstract and brief for appellant nor the transcript of the case reveals anything indicating there was an arrest and detainer filed other than the one of November 20, 1979. A request for disposition of indictment or information was also filed by appellant on the same date. Also, the warden of the California institution offered to make temporary delivery of appellant for disposition of the charges pending in Jefferson County, Arkansas.

Both parties agree that the appellant was tried within 180 days from the date of the request for disposition which was dated November 20, 1979. Therefore, the only other matter on the appeal is whether the appellant was entitled to figure the 180 days from November 18, 1978, the date which he alleges he was first arrested. Assuming that he was arrested on that date, although there is nothing in the file to support such fact, the petitioner failed to respond in accordance with the provisions of the Interstate Detainer Act and Rule 29.1(c). There is a positive duty upon a prisoner to seek a trial after he is notified that charges are pending. If appellant had received a notice on November 18, 1978, it was his own fault that he did not request a final disposition of the charge until November 20, 1979.

We have previously held that an accused in prison in another state, for a different crime, must affirmatively request

678

trial in order to activate the speedy trial rule or statute. *State v. Davidson*, 254 Ark. 172, 492 S.W. 2d 246 (1973). Also see *Faulk* v. *State*, 261 Ark. 543, 551 S.W. 2d 194 (1977). Therefore, the appellant having been tried within 180 days after his request for disposition of his case, we find no error and affirm the trial court.

Affirmed.