**Melvin DUKES, Appellant,**

v.

**A.L. LOCKHART, Director Arkansas Department of Correction, Appellee.**

·No. 84–2222–EA.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1985.

Decided Aug. 6, 1985.

against the prison officials. On remand, the district court may in its discretion wish to deal with these complaints.

* The HONORABLE WILLIAM R. COLLINSON, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas, Western Division.

2. Although the parties apparently agree that the issue of petitioner's right to a speedy trial has been presented to the state court and he has thereby exhausted his state court remedy, the

Evans Benton, Little Rock, Ark., for appellant.

Randel Miller, Little Rock, Ark., for appellee.

Before ROSS, JOHN R. GIBSON, Circuit Judges, and COLLINSON,* Senior District Judge.

COLLINSON, Senior District Judge.

Melvin Dukes appeals from the district court's [1] denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. In his petition he raised the following grounds for relief: (1) his conviction was based on evidence obtained by an illegal search and seizure; (2) his conviction violated the double jeopardy clause of the United States Constitution; (3) improper elaboration by the prosecutor about the identification procedure; and that (4) his right to a speedy trial was denied. The district court determined that the appellant was not entitled to relief based upon the merit of his claims and dismissed petitioner's writ. Because we find that Dukes' petition contained either both exhausted and unexhausted claims or claims that were never exhausted in state court proceedings,[2] we vacate the district court's memorandum and order and remand the case to the district court to be reexamined in light of *Rose v. Lundy*, 455 U.S. 509, 521–22, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982).

record before this Court is insufficient to find that petitioner's *constitutional* right to a speedy trial was properly raised and actually decided by the state courts of Arkansas. True, the only point argued on appeal to the Supreme Court of Arkansas was that petitioner's motion to dismiss for lack of a speedy trial was overruled. *Dukes v. State,* 271 Ark. 674, 675, 609 S.W.2d 924 (1981). The Arkansas Supreme Court found that the Interstate Agreement on Detainers codified as Ark.Stat.Ann. §§ 43–3201–3208 (Repl. 1977) and Arkansas Rules of Criminal Procedure, Rule 29.1 had been complied with in the conviction from which petitioner seeks a writ of habeas corpus. *Id.* at 609 S.W.2d at 925.

The district court did not examine the exhaustion issue, stating that "[t]here is no need for the

## BACKGROUND.

On May 9, 1980, following a trial by a Jefferson County Circuit Court jury, petitioner was found guilty on two counts of aggravated robbery and two counts of theft of property. The jury also found that Mr. Dukes was a habitual offender and sentenced him to fifteen (15) years for each of the two theft of property convictions, fifty (50) years and a ten thousand dollars ($10,000.00) fine on one aggravated robbery conviction and life in prison and a fifteen thousand dollars ($15,000.00) fine on the other aggravated robbery conviction. All the sentences are to be served consecutively.

His conviction was affirmed by the Arkansas Supreme Court. *Dukes v. State,* 271 Ark. 674, 609 S.W.2d 924 (1981). The sole point raised on appeal was whether Mr. Dukes had been denied his right to a speedy trial as provided for in the Arkansas Rules of Criminal Procedure. *Id.* 609 S.W.2d at 924.

Subsequently, Mr. Dukes sought permission to proceed under Arkansas Rule of Criminal Procedure 37, concerning post conviction relief, contending that his right to a speedy trial had been denied. On April 19, 1982, the Arkansas Supreme Court denied his petition in an opinion not designated for publication.

On August 2, 1983, appellant Dukes filed his petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas. Of the four (4) aforementioned issues raised by the petitioner, the speedy trial issue is the only issue which may have been exhausted in state court. Appellant does not claim to have raised the other three issues presented to the district court in state court. When the appellee affirmatively raised the defense of deliberate bypass, *see Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the district court recognized that the issues had not been presented to the state court but found that there was no need for the court to reach the issue of deliberate bypass, because it was apparent from the record that petitioner was not entitled to relief on these issues.

On appeal, appellant raises only one point of error, that being the district court erred in not affording appellant an evidentiary hearing on his petition for a writ of habeas corpus. Included within his argument of the lack of an evidentiary hearing, he also argues: (1) that a motion to sever the offenses Mr. Dukes was charged with should have been filed; (2) a motion to suppress the clothes that were taken from appellant's home should have been filed; and (3) a motion to reduce the charges against him should have been filed. It is not necessary for this Court to reach these

Court to reach the issue of deliberate bypass, however, because it is apparent from the record that petitioner is not entitled to relief on these issues."
In *Thomas v. Wyrick,* 622 F.2d 411, 413 (8th Cir.1980), [*cert. denied,* 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983)] this Court held that a habeas petitioner had not sufficiently presented his federal claim to the state courts where he simply alleged a denial of his right to a fair trial without citing any constitutional provision of federal case. The Supreme Court's most recent pronouncement on the subjection of exhaustion supports this Court's conclusion in *Thomas.* In *Anderson v. Harless,* [459] U.S. [4], 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam), the Court stated, "[i]t is not enough that all of the facts necessary to support the federal claim were before the state courts, * * * or that a somewhat similar state-law claim was made * * *. In addition, the habeas petitioner must have

'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Id.* 103 S.Ct. at 277. (Citations supplemented.)
*Nelson v. Solem,* 714 F.2d 57, 59 (8th Cir.1983).
A reading of the Arkansas Supreme Court's opinion in *Dukes* does not reveal any discussion of constitutional provisions or federal case law. Upon remand, the district court should determine if petitioner actually exhausted his state remedies concerning the speedy trial issue in light of *Thomas* and *Anderson.*
This may be a case where an evidentiary hearing is required to determine if the state has actually waived the exhaustion requirement as to the speedy trial issue. *See Purnell v. Missouri Dept. of Corrections,* 753 F.2d 703, 708 (8th Cir.1985) "Since principals of comity are involved, it ordinarily will be appropriate for federal district courts to have the discretionary power to accept or reject a waiver of exhaustion." *Id.* at 710.

issues in light of our disposition of this case.

**DISCUSSION.**

It is clear from the facts that, at the very most, petitioner's petition for a writ of habeas corpus contains both exhausted and unexhausted claims. It is even possible that petitioner's petition for writ of habeas corpus contains nothing but unexhausted claims.[3]

In *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that the federal district court must dismiss a state habeas petition that contains both exhausted and unexhausted claims. *Tyler v. Wyrick*, 730 F.2d 1209 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 138, 83 L.Ed.2d 78 (1984); *Graham v. Solem*, 728 F.2d 1533 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984); *Anderson v. Frey*, 715 F.2d 1304 (8th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 739, 79 L.Ed.2d 198 (1984); *Stewart v. Parratt*, 682 F.2d 757 (8th Cir.1982). The total exhaustion rule of *Rose v. Lundy*, requires that we defer consideration of Dukes' petition until the Arkansas state courts have had an opportunity to pass upon these matters. *Collins v. Lockhart*, 707 F.2d 341, 344 (8th Cir.1983). The rule is based on the principles of comity and federalism and is designed to encourage state prisoners to seek full relief from the state courts first, thus giving those courts the initial opportunity to review all claims of constitutional error. *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203; *Snethen v. Nix*, 736 F.2d 1241, 1244 (8th Cir.1984).

We believe that a remand is necessary for the purpose of allowing the district court to consider this case in the light of *Rose v. Lundy*. We further believe that the petitioner should make the choice whether to amend his petition and delete the unexhausted claims (assuming that the district court rules the right to a speedy trial issue has been exhausted in state court) or to proceed in state court on the unexhausted claims. Because of the possible ramifications of such a choice under Rule 9(b) of 28 U.S.C. § 2254 as addressed in the plurality's opinion in *Rose v. Lundy*,[4] petitioner should not treat this choice lightly.

Although our disposition of this case may not evince judicial economy, it does, however, provide the procedural safeguard to insure comity and clearly instructs potential litigants to exhaust each claim in state court before bringing it to federal court. *Rose v. Lundy*, 455 U.S. at 519–20, 102 S.Ct. at 1203–04; *Ashby v. Wyrick*, 693 F.2d 789, 795 (8th Cir.1982) (Lay, J. concurring).

Because Dukes' petition for a writ of habeas corpus contains at least a mixture of exhausted and unexhausted claims, and because the record contains no clear manifestation that the presentation of the unexhausted claims to the state court would be futile, we reverse and remand to the district court with directions to reconsider petitioner's writ in light of *Rose v. Lundy*, tempered by the exhaustion standards of *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1983) (per curiam).

---

**3.** *See supra,* note 2 at 2.

**4.** "By invoking this procedure, however, the prisoner would risk forfeiting consideration of his unexhausted claims in federal court. Under 28 U.S.C. § 2254 Rule 9(b), a district court may dismiss subsequent petitions if it finds that 'the failure of the petitioner to as-

sert those [new] grounds in a prior petition constituted an abuse of the writ.' ... Thus a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Rose v. Lundy,* 455 U.S. at 520–21, 102 S.Ct. at 1204.