Ricky W. WHITE *v.* STATE of Arkansas

CR 92-277                                      833 S.W.2d 771

Supreme Court of Arkansas
Opinion delivered July 6, 1992

*Ronald & Marc Chaufty*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of aggravated robbery and sentenced, as a habitual offender, to seventy-five

years imprisonment. As his sole issue on appeal, the appellant argues that the trial court erred in denying his motion to dismiss for lack of a speedy trial. We find no merit in the appellant's argument, and therefore affirm.

The following dates are relevant to appellant's speedy trial argument. On July 11, 1990, appellant was arrested by the Texarkana, Texas Police Department for the aggravated robbery charges in Miller County and for other charges filed in Bowie County, Texas.[1] Appellant waived extradition to Miller County on October 18, 1990. He was charged with aggravated robbery in the Miller County Circuit Court on November 19, 1990. Appellant filed his motion to dismiss for lack of a speedy trial on July 8, 1991, and the trial judge denied the motion on July 18, 1991. Appellant's jury trial began on July 22, 1991.

In accordance with the appellant's constitutional right to a speedy trial, the state had twelve months from the time of the appellant's arrest to try him for the aggravated robbery offense. A.R.Cr.P. Rules 28.1(c) and 28.2(a). Once it is shown that the trial was scheduled to be held after the speedy trial period had expired, the state has the burden of showing that any delay was the result of the appellant's conduct or was legally justified by the excludable periods recognized in A.R.Cr.P. Rule 28.3. *Glover v. State*, 307 Ark. 1, 817 S.W.2d 409 (1991). Here appellant's trial on July 22, 1991 was eleven days outside the twelve month speedy trial period from his arrest on July 11, 1990.

The period of delay resulting from the unavailability of the defendant for trial is recognized as an excludable period. A.R.Cr.P. Rule 28.3(e). In fact, this court has placed the responsibility on the defendant to be available for trial. *Horn v. State*, 294 Ark. 464, 743 S.W.2d 814 (1988). We have held that an accused in prison in another state, for a different crime, must affirmatively request trial in order to activate the speedy trial rule. *Gillie v. State*, 305 Ark. 296, 808 S.W.2d 320 (1991); *Dukes v. State*, 271 Ark. 674, 609 S.W.2d 924 (1981). Here, the state showed that the appellant signed the waiver of extradition on

---

[1] The state contends that the actual arrest date was July 12, 1990, but uses the July 11 date in addressing the appellant's argument. Likewise, we will use the July 11 date in calculating the speedy trial period.

October 18, 1990, thus he was unavailable for trial before this date. While the appellant argued during the hearing on his motion to dismiss that he had tried to waive extradition several times before October 18 and had given notice that he wanted transferred to Arkansas, we find no evidence of this fact in the record. Thus, appellant's speedy trial period did not begin to run until he waived extradition on October 18, 1990, and his trial on July 22, 1991 was well within the twelve month speedy trial period.

For the reasons stated above, we affirm the trial court's denial of the appellant's motion to dismiss for lack of a speedy trial.