2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffery Dean COOPER, Plaintiff-Appellant,
v.
ELLSWORTH CORRECTIONAL WORK FACILITY; Capt. J. Beurer; Lt.
Fletcher; Unknown Sgt.; Unknown Officers;
Unknown Major Defendants-Appellees.
 No. 93-3102.
 United States Court of Appeals, Tenth Circuit.
 Aug. 11, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 
 
 1
 ORDER AND JUDGMENT**
 
 BALDOCK, Circuit
 
 2
 Plaintiff Jeffrey Dean Cooper appeals the district court's order granting summary judgment in favor of Defendants. Plaintiff claims that Defendants, who are officers at Ellsworth Correctional Work Facility (ECWF), violated his civil rights (1) by using excessive force against him and (2) by transferring him to another detention facility in retaliation for exercising his First Amendment rights to free speech. 42 U.S.C. Sec. 1983.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On June 27, 1989, Plaintiff fell while incarcerated at ECWF and aggravated an existing back injury which had required him to walk with a cane for some time. On June 28, Plaintiff, sitting in a wheelchair pushed by another inmate, left his cell to visit the prison clinic. Because Plaintiff was not wearing pants, the officer on duty stopped him and insisted that Plaintiff put on his pants before going to the clinic. Plaintiff admits he refused the officer's order and threatened to sue the officer if he did not let him go to the clinic. According to Plaintiff's version of the facts, the officer then grabbed Plaintiff's cane, which Plaintiff was holding across his lap, and pulled him around the dormitory in his wheelchair without any provocation by Plaintiff. In contrast, the officer insists that he attempted to take the cane away because Plaintiff raised it in a threatening manner. In either case, an officer observing the disturbance felt it necessary to call for help from other officers. As a result of this event, Plaintiff was charged and found guilty of disciplinary infractions. Soon afterwards, Plaintiff was transferred to another detention facility. Plaintiff filed this Sec. 1983 complaint on June 19, 1990.
 
 
 4
 Appellate review of a district court's summary judgment decision is de novo, but both courts apply the same standard in evaluating the merits of a summary judgment motion. Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Factual disputes that have nothing to do with the elements of a claim, are immaterial to a summary judgment determination. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 5
 The issue in this case is whether the officer on duty used excessive force in his treatment of Plaintiff, so that it constituted cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment is violated when force is applied "maliciously and sadistically to cause harm" rather than in a "good-faith effort to maintain or restore discipline." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). The force must be "wanton and unnecessary". Id. A de minimis use of physical force does not qualify as "wanton and unnecessary" unless it is of the sort "repugnant to the conscience of mankind." Id. at 1000 (citations omitted).
 
 
 6
 Regardless of whose version of the facts we believe, the force used against Plaintiff was neither wanton, nor unnecessary, nor "repugnant to the conscience of mankind." Plaintiff disobeyed an order and the officers used de minimis force to enforce it. See Miller v. Glanz, 948 F.2d 1562, 1567 (10th Cir.1991) (no excessive force when inmate resisted instructions to put his hands behind his back and wrestled with officer).
 
 
 7
 Plaintiff also claims that his transfer to another prison facility violated his First Amendment rights because it was in retaliation for his threats to sue Defendants. Prison officials may not transfer a prisoner in retaliation for the prisoner's exercise of a constitutional right. See Frazier v. Dubois, 922 F.2d 560, 562 (10th Cir.1990). However, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Id. at 562 n. 1.
 
 
 8
 Plaintiff has not sufficiently alleged a claim of retaliatory transfer. Although Plaintiff alleged that he was transferred shortly after he threatened to sue, this alone does not show retaliatory purpose. Plaintiff's complaint fails to allege that the transferring prison officials were actually motivated by Plaintiff's threat to sue. See Murphy v. Missouri Department of Correction, 769 F.2d 506, 503 n. 1 (8th Cir.1985). Furthermore, when viewed in light of the disturbance and Plaintiff's disciplinary infractions, Plaintiff's allegations of retaliatory purpose fail.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We do not address Plaintiff's claims under the Fourth, Fifth, and Ninth Amendments of the Constitution because these amendments are in no way implicated under the facts of this case. We also do not address Plaintiff's claim that the court erred by accepting an improper Martinez report because the record reveals that no Martinez report was ever filed
 Plaintiff also alleges that Defendants failed to comply with a court order to produce documents. Plaintiff's "motion for order compelling discovery," however, requests documents that would have no effect on our summary judgment determination and therefore this issue is irrelevant. Anderson, 477 U.S. at 248.