Charles DURDIN *v.* STATE of Arkansas

CA CR 97-308                                          955 S.W.2d 912

Court of Appeals of Arkansas
Division II
Opinion delivered November 19, 1997

*Victoria Cochran-Morris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

MARGARET MEADS, Judge. Appellant, Charles Durdin, was convicted in a jury trial of aggravated robbery and theft of property and sentenced to five years and thirty years respectively, to be

served concurrently in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in denying his motion to dismiss for violation of his speedy-trial rights; that the Interstate Agreement on Detainers is not applicable in this case; and that the trial court erred in denying his motion for directed verdict due to insufficiency of the evidence. Because we find appellant's speedy trial and Interstate Agreement on Detainers arguments to be persuasive, we reverse and dismiss his convictions.

With regard to appellant's speedy-trial argument, Rule 28.1(c) of the Arkansas Rules of Criminal Procedure provides:

> Any defendant charged . . . in circuit court and held to bail, or otherwise lawfully set at liberty, . . . shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

For speedy-trial purposes, the time for bringing Durdin to trial began to run November 6, 1992, when a criminal information was filed and a bench warrant issued for appellant on charges of aggravated robbery and theft of property. Ark. R. Crim. P. 28.2(a). Thus, appellant should have been brought to trial no later than November 6, 1993, barring only periods of necessary delay. However, appellant was not tried on these charges until September 10, 1996. Once a defendant presents a prima facie case of a violation of his right to a speedy trial, the burden shifts to the State to show that the delay was legally justified or the result of defendant's conduct. *Bradford v. State*, 329 Ark. 620, 953 S.W.2d 549 (1997); *Meine v. State*, 309 Ark. 124, 827 S.W.2d 151 (1992).

Appellant's motion to dismiss was argued orally to the court prior to the commencement of trial, but no testimony or documentary evidence was offered by either party. At the time the information was filed on November 6, 1992, Durdin's whereabouts were unknown. The State asserted that appellant's location remained unknown until April 1, 1993, when it learned that he was in custody in Chicago and that he was fighting extradition. The State further asserted that it placed a detainer on appellant but

that on June 29, 1993, it received notice from Chicago that appellant had been released. After his release from custody in Chicago, appellant's whereabouts were unknown until December 16, 1993, when the outstanding bench warrant was served on him in Pine Bluff, Arkansas, and he was taken into custody. Appellant posted bond and was released sometime after December 16, 1993.

Appellant's first appearance before the court was January 3, 1994, at which time his case was continued until February 7, 1994. When appellant failed to appear for his February 7 court date, an alias warrant was issued for his arrest. His whereabouts remained unknown until November 4, 1994, when, according to the State, it was notified that appellant was serving time on unrelated charges in the Illinois Department of Correction and that he was waiving extradition. The State asserted that an officer was dispatched from the sheriff's department to retrieve appellant, only to be informed upon arrival that he had time remaining to be served on his sentence in Illinois and would not be released. The State asserted that a second detainer was placed on appellant at that time; however, it was not until November 3, 1995, that the State learned appellant was fighting extradition, and thus it began preparing governor's warrants to obtain appellant's presence for trial in Arkansas.

Appellant was returned to Arkansas on February 8, 1996, and his case was set for February 16, 1996; however, he was hospitalized at that time and unable to appear. Because of appellant's illness, the trial judge continued the case from February 16, 1996, until June 3, 1996; this is evidenced by an amended order filed of record on April 10, 1996. On June 20, 1996, an order was entered setting trial for August 29, 1996. On August 28, 1996, the State requested and received a continuance, and trial was rescheduled for September 10, 1996.

■ Portions of this time period are unquestionably chargeable to the State for purposes of calculating the time for speedy trial. From June 20, 1996 (when the judge set trial for August 29, 1996) until August 28, 1996 (when the State requested a continuance), and from August 28, 1996, until September 10, 1996, is a total of eighty-two days chargeable to the State and thus includ-

able in the speedy-trial calculation. Regarding the November 4, 1994, to November 3, 1995, interval, the State acknowledged at the pretrial hearing that it knew appellant was in the custody of Illinois authorities. Although the State asserted that it received several contacts concerning appellant from Illinois law enforcement officials and that detainers and governor's warrants were issued to return appellant to Arkansas, it presented no tangible proof in the record to document these assertions. Because statements and arguments of counsel are not evidence, *Robinson v. State*, 49 Ark. App. 58, 896 S.W.2d 442 (1995), we find that the State failed to meet its burden of proving that this period of time was excludable from the speedy-trial calculation under Ark. R. Crim. P. Rule 28.3. These two time periods alone place the State outside the requisite twelve-month period to bring appellant to trial. Because it would unnecessarily lengthen this opinion and is not necessary to the outcome, we do not address the other time intervals between November 6, 1992, and September 10, 1996.

In order to establish legal justification for periods of delay resulting from the absence or unavailability of appellant, the State could have offered the testimony of local or out-of-state law enforcement authorities, as in *Caulkins v. Crabtree*, 319 Ark. 686, 894 S.W.2d 138 (1995), and *Nelson v. State*, 297 Ark. 58, 759 S.W.2d 215 (1988); or the testimony of the prosecuting attorney, as in *Wilson v. State*, 10 Ark. App. 176, 662 S.W.2d 204 (1983). It could have introduced copies of the detainers which were purportedly issued, or extradition materials as in *Gooden v. State*, 295 Ark. 385, 749 S.W.2d 657 (1988). Because the record is devoid of the requisite proof, appellant's conviction must be reversed and the charges against him dismissed.

The State further argued that the Interstate Agreement on Detainers, Ark. Code Ann. §§ 16-95-101—107 (1987), applies and that appellant's time for a speedy trial did not begin to run until his return to Arkansas on February 8, 1996. This agreement provides, in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, infor-

mation, or complaint on the basis of which a *detainer has been lodged against the prisoner*, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint . . . .

Ark. Code Ann. § 16-95-101, Art. III(a) (emphasis added). The State contends, citing *Gillie v. State*, 305 Ark. 296, 808 S.W.2d 320 (1991), that because appellant did not affirmatively request trial, his right to a speedy trial did not begin to run until his actual return to Arkansas on February 8, 1996.

█ This argument must fail. The Arkansas Supreme Court has held that an accused in prison in another state, for a different crime, must affirmatively request trial in order to activate the speedy-trial rule. *White v. State*, 310 Ark. 200, 833 S.W.2d 771 (1992); *Gillie v. State*, 305 Ark. 296, 808 S.W.2d 320 (1991); *Dukes v. State*, 271 Ark. 674, 609 S.W.2d 924 (1981). Yet, it is also incumbent upon the prosecutor to promptly file a detainer upon learning that an accused is imprisoned elsewhere and to request that the official having custody of the accused advise the prisoner of the filing of the detainer and of the prisoner's right to demand trial. Ark. R. Crim. P. 29.1(b); *Dukes v. State*, 271 Ark. at 677, 609 S.W.2d at 925. The prisoner *then* has the right to demand trial, and such trial must be had within 180 days unless there is good cause for a delay. *Id.*

█ There is no proof in the record that the State filed a detainer or that appellant was served with a detainer while incarcerated in Illinois; therefore, we find that the Interstate Agreement on Detainers was never triggered.

█ Because we find that appellant's motion to dismiss based on lack of speedy trial should have been granted, we do not address the sufficiency-of-the-evidence argument. *Horn v. State*, 294 Ark. 464, 743 S.W.2d 814 (1988).

Reversed and dismissed.

PITTMAN and JENNINGS, JJ., agree.