RHONDA K. WOOD, Associate Justice
Appellant Ricky Wayne White appeals the trial court's denial of his petition to correct an illegal sentence. In 1991, White was sentenced as a habitual offender to seventy-five years' imprisonment for aggravated robbery. Because we agree that White's petition failed to state a basis for relief under either Arkansas Code Annotated section 16-90-111 (Repl. 2016) or Arkansas Rule of Criminal Procedure 37.1 (1991), we affirm. White's motion for permission to file a belated reply brief is therefore moot.
This court affirmed White's conviction for aggravated robbery in White v. State , 310 Ark. 200, 833 S.W.2d 771 (1992). The mandate issued July 24, 1992. White filed the petition that is the subject of this appeal on May 24, 2017, which is almost twenty-five years after the mandate issued.
White's petition alleged that his sentence was illegal because two of the four prior convictions used at trial in support of the habitual-offender status were unconstitutionally admitted into evidence. This claim was based on White's contention that one of the prior convictions did not reflect that he was represented by counsel and one was for a misdemeanor crime that had been committed after the aggravated robbery.
The trial court's order discussed how there were multiple grounds upon which White would not be entitled to relief. One of those was that the petition failed to state a basis for relief under the statute because it did not raise a claim that the judgment was illegal or facially invalid, and instead, the claim was one that the judgment had been illegally imposed. The court found that because the claim was one that the judgment had been illegally imposed, the petition must be treated as one under Rule 37. As such, the court found that the petition was untimely and successive. Although the trial court found that it did not therefore have authority to grant relief, it addressed the claims that the two previous convictions were erroneously admitted into evidence and determined that the convictions had not been erroneously admitted.
This court will not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. Fischer v. State , 2017 Ark. 338, 532 S.W.3d 40. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Id. Questions of law are *294 reviewed de novo. State v. Johnson , 2010 Ark. 77, 360 S.W.3d 104. A judgment of conviction is presumed valid. Coleman v. State , 257 Ark. 538, 518 S.W.2d 487 (1975).
Arkansas Code Annotated section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. Jenkins v. State , 2017 Ark. 288, 529 S.W.3d 236. An illegal sentence is one that is illegal on its face. Id. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. Id. A sentence imposed within the maximum term prescribed by law is not illegal on its face. Id.
The time limitations on filing a petition under section 16-90-111(a)(b)(1) alleging that the sentence was imposed in an illegal manner are superseded by Rule 37.2(c), although the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. Gardner v. State , 2017 Ark. 230.
White challenged whether there was sufficient evidence regarding two of his prior convictions and whether they were properly admitted. These are not challenges to the facial validity of his sentence. This court has held that to challenge the sufficiency of the evidence in support of a trial court's finding on the defendant's habitual-offender status, a contemporaneous objection is necessary to preserve the issue for review on appeal. Withers v. State , 308 Ark. 507, 825 S.W.2d 819 (1992). Like a challenge to the sufficiency of the evidence to convict, a challenge to the sufficiency of the evidence to support a finding on the defendant's habitual-offender status does not implicate the facial validity of the judgment. See Edwards v. Kelley , 2017 Ark. 254, 526 S.W.3d 825. The Judgment and Commitment Order reflects that White was convicted of aggravated robbery, a class Y felony, and sentenced as a habitual offender to seventy-five years' imprisonment, which was within the statutory range under Arkansas Code Annotated section 5-4-501(b)(1) (1987). This is not facially illegal.
Because White did not plead facts to support a finding that his sentence was facially invalid and only raised a claim challenging the legality of the imposition of his sentence, his claim was one that was cognizable under Rule 37.1 and subject to the time limitations set forth in Rule 37.2. See Jenkins , 2017 Ark. 288, 529 S.W.3d 236. Under Arkansas Rule of Criminal Procedure 37.2(c) (1991), a petition claiming relief under the rule must be filed in the circuit court within sixty days of the date the mandate issued if the judgment was appealed. Because the petition at issue was filed far outside of that time limitation, almost twenty-five years, the trial court did not err in finding that his petition was untimely.
Because we conclude the only timely challenge before the court was the facial challenge to his sentence and the circuit court did not err in denying relief, as such we need not consider the remaining arguments.
Affirmed; motion moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Until the briefing is complete, all that this court has pending before it is Mr. White's motion to file a belated reply brief. In his motion, Mr. White asserts that the tardy filing of his reply brief was the result of his not receiving the State's appellee brief until November 12, 2017, and cessation of prison-mail services over the Thanksgiving Day holiday, which kept his *295 outgoing mail at the prison. This is clearly good cause to allow a belated filing of a reply brief. Because we do not allow an appellant to raise new issues in a reply brief, a reply brief can only help us decide a case. It is generally our practice to be lenient and accept a tardy reply brief-unless it is submitted by an incarcerated person.
I respectfully dissent.