BART F. VIRDEN, Judge
A Crawford County Circuit Court jury convicted German Vasquez of rape and sentenced him to 120 months' incarceration in the Arkansas Department of Correction ("ADC"). On appeal, Vasquez asserts that his right to a speedy trial was violated, and his conviction must be overturned. We affirm.
I. Factual History
Vasquez was arrested pursuant to a charge of rape on May 7, 2016, and he was not tried until August 7, 2017, 457 days later, ninety-one days beyond the one-year anniversary of his arrest.[1] During the pendency of the case, the circuit court granted four continuances. The State requested the first continuance due to its need for more time for the Arkansas State Crime Laboratory to process evidence.
*830 Vasquez did not object, and the circuit court granted the continuance from February 6, 2017, to March 9, 2017. The circuit court did not exclude the time for the purpose of speedy-trial calculation. The State filed a second motion for continuance in which it reiterated its request for more time for evidence testing. Vasquez did not object to the request. The circuit court granted the continuance and ordered that the time was not excluded for purposes of speedy-trial calculation. The new trial date was set for April 13, 2017. Vasquez filed the third motion for a continuance due to the unavailability of a witness for trial, and the circuit court granted the motion, excluding the time for purposes of speedy-trial calculation and setting the trial for July 6, 2017.
On July 6, 2017, the 344th non-excluded day, Vasquez and the State appeared in court, ready for trial; however, due to an error in the circuit court's juror-notification system, some of the jurors had been given the wrong date to report for duty, and not enough jurors were present to hold the trial. The circuit court found that the trial had to be continued until the next available court date, August 7, 2017. The circuit court also found that the phone-system error constituted good cause as described by Arkansas Rule of Criminal Procedure 28.3(h) and that the thirty-one-day continuance was excluded from speedy-trial calculation. Vasquez objected, and the circuit court noted the objection.
On August 7, 2017, Vasquez filed a motion to dismiss based on the violation of his right to a speedy trial. In his motion, Vasquez asserted that as of July 31, 2017, the State was no longer able to try his case because his constitutional right to a speedy trial prevented such. Vasquez argued that a jury could have been called in long before August 7, and as it was, the trial was eight days past the time period for a speedy trial. Vasquez asserted that though the unavailability of the jury may constitute good cause for delay for one day, the trial could have been scheduled earlier than August 7. The State responded that the continuance constituted good cause and that the circuit court granted the minimal continuance possible because it set the trial for the next available trial date, the circuit judge had a vacation scheduled during the thirty-one day time period, and there were "other cases scheduled on the other days[.]" The State also asked that the circuit court take judicial notice that the logistics of holding a trial, including subpoenaing witnesses and scheduling court interpreters, takes a certain amount of time to accomplish. The circuit court denied Vasquez's motion, stating that because only fifteen of the requisite twenty-six potential jurors had been present for trial on July 6, it had no discretion in the matter and had been forced to issue a continuance. The circuit court also noted that two court interpreters had to be rescheduled for a jury trial, which had bearing on when the case was set for trial.
The jury found Vasquez guilty of rape and sentenced him to ten years in the ADC. Vasquez filed a timely notice of appeal.
II. Speedy Trial
On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. Yarbrough v. State , 370 Ark. 31, 33, 257 S.W.3d 50, 53 (2007).
Pursuant to Rule 28.1 of the Arkansas Rules of Criminal Procedure, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. The twelve-month period for bringing an accused to trial begins to run on the date the information is filed, or the date of *831 arrest, whichever occurs first. Id. It is the burden of the State and the circuit court to ensure that the defendant is brought to trial within the required time period so as not to violate the defendant's right to speedy trial; the defendant, on the other hand, is not required to demand a trial to preserve his or her right to speedy trial. Gwin v. State , 340 Ark. 302, 9 S.W.3d 501 (2000). Once a prima facie case for the violation of a defendant's right to a speedy trial is established by the accused, the State has the burden of showing that the delay exceeding the twelve-month period was the result of the defendant's conduct. Scroggins v. State , 312 Ark. 106, 848 S.W.2d 400 (1993). Upon request of a party, the circuit court may grant a continuance, but the movant has the burden of showing good cause. David v. State , 295 Ark. 131, 748 S.W.2d 117 (1988). Notwithstanding good cause, the record must properly explicate the rationale for speedy trial to be tolled. Berry v. Henry , 364 Ark. 26, 216 S.W.3d 93 (2005).
In the instant case, the parties agree that Vasquez was tried 457 days after his arrest; thus, the burden was on the State to prove that the delay was excludable for speedy-trial purposes. Vasquez concedes that the eighty-four-day continuance he requested from April 13 to July 6, 2017, was properly excluded from speedy-trial calculation, but he contends that even excluding that time, the State brought the case to trial eight days past the speedy-trial terminus. Vasquez asserts that the State did not meet its burden regarding the final continuance, and the circuit court erred by refusing to include the thirty-one days in the speedy-trial calculation.
Our analysis of this issue focuses on the State's assertion that bringing a case to the jury requires a certain amount of time, and thirty-one days is a reasonable delay pursuant to Rule 28.3(h), which allows exclusion of "other periods of delay for good cause." In denying the motion to dismiss, the circuit court rejected Vasquez's argument that the jury could have been called "the next day" after the notification-system error was discovered. The State asserted, and the circuit court agreed, that logistical issues, including scheduling the two necessary court interpreters for a jury trial, notifying jurors, and subpoenaing witnesses, could not be accomplished in a just few days. In our de novo review of the record, we note that the circuit court's July 13, 2017 form that provides notice of trial to counsel sets forth that for a jury trial, "[a]ttorneys shall notify the Court of the need of Interpreters ... NO LATER THAN TEN (10) DAYS BEFORE TRIAL DATE, (AOC's REQUIREMENT)[.]" (Emphasis in the original.) While the circuit court judge's absence due to a vacation does not constitute good cause for delay, the other factors named above do, and the court's decision to set the trial for the next available court date does not constitute undue delay.
In arguing that the circuit court erred in rejecting his speedy-trial motion, Vasquez cites several cases he argues require dismissal of his charges. We find the cases to be factually distinguishable from Vasquez's situation and not controlling here. In Tanner v. State , 324 Ark. 37, 918 S.W.2d 166 (1996), the circuit court continued the case for one month because it reset a capital-murder case for an earlier trial date, which moved Tanner's case to a date beyond the permitted time period. The instant case differs from Tanner because here, the circuit court did not issue a continuance to hear a case it deemed more important. Instead, a true bar to having the trial arose, and the court had no choice but to continue the case until the requisite number of jurors could be present. The other cases cited by Vasquez, *832 Eubanks v. Humphrey , 334 Ark. 21, 972 S.W.2d 234 (1998), Novak v. State , 294 Ark. 120, 741 S.W.2d 243 (1987), and Campbell v. State , 26 Ark. App. 133, 761 S.W.2d 613 (1988), involve an inordinately long delay in coming to trial because of emergency circumstances that arose suddenly on or near the day of trial. The holding in each of these cases is that, though an emergency can be good cause for delay-a death in the judge's family, the judge's illness, and an ice storm-the delay cannot continue after good cause no longer exists. In each of the above cases, the delays ranged from seventy days to almost four months, which was much longer than necessary. Here, the one-month delay to the next available court date is not unnecessarily lengthy in light of the fact that jurors had to be notified, witnesses subpoenaed, and translators scheduled.
Affirmed.
Klappenbach and Murphy, JJ., agree.

The record does not contain an arrest warrant or docket entry showing Vasquez's date of arrest; however, in his motion to dismiss, Vasquez states that he was arrested on May 7, 2016. The State does not contest this statement, and we may assume that for the purposes of this appeal, Vasquez was arrested on May 7, 2016.