--------
ROBERT J. GLADWIN, Judge *192 Appellant Larry Berkley appeals his conviction by the Boone County Circuit Court, arguing that the State of Arkansas violated his right to a speedy trial pursuant to Arkansas Rule of Criminal Procedure 28.1 (2018) by not trying his case within the allotted time frame. We affirm.
I. Facts
Appellant was served with an arrest warrant on or about May 7, 2014, in the State of Tennessee on charges[1] pending in Boone County, Arkansas. Appellant appeared in the Boone County Circuit Court with his counsel for arraignment on May 16. Appellant posted bond on May 23, with his next court appearance set for August 15, trial set for October 27. Appellant was ordered to keep the circuit court apprised of his whereabouts as a condition of his bond.
Soon thereafter, appellant was arrested in Tennessee on similar but unrelated felony charges that were alleged to have occurred prior to the charges in Boone County, and he was placed in the county jail in Lauderdale County, Tennessee.[2] On June 2, 2014, a grand jury in Lauderdale County returned a fourteen-count indictment against appellant. See Tennessee v. Berkley , No. W2015-00831-CCA-R3-CD, 2016 WL 3006941, at *1 (Tenn. Crim. App. May 17, 2016), perm. app. denied (Tenn. Sept. 23, 2016).
Appellant did not appear in Arkansas as scheduled on August 15, 2014, because of his incarceration in Tennessee, but his attorney, Bryan Huffman, did appear, and the matter was reset to September 26. Huffman filed a motion to continue appellant's Arkansas case on September 22 based on the Tennessee charges, the serious nature of the charges, and the number of witnesses involved. The motion further indicated that appellant waived speedy trial and acknowledged that a docket notation is sufficient to reflect the waiver. The circuit court granted the motion and excluded the time from September 26 to November 25, 2014-the date that the matter had been reset for pretrial hearing.
Appellant filed a second motion for continuance on October 3, 2014, which was granted on October 27, and the matter was again reset, this time for March 30, 2015. The order reflects that appellant's presence was waived by Huffman and states that speedy trial is tolled because appellant was incarcerated in Tennessee.
Appellant's trial was held in Tennessee on January 26-27, 2015, and he was convicted of all fourteen felony charges and was sentenced on February 19 to thirty-five years in the Tennessee Department of Correction.
*193 The Arkansas circuit court entered an order on February 23, 2015, ordering appellant and counsel to appear for a pretrial hearing on Friday, March 27, 2015, and setting the five-day jury trial for March 30. Appellant, who had a detainer available to him pursuant to the Interstate Agreement on Detainers Act (IAD), Ark. Code Ann. §§ 16-95-101 et seq. (Repl. 2006), refused to sign the paperwork and requested to wait until his postconviction matters were taken care of in Tennessee. On March 27, appellant failed to appear, and the circuit court then issued an alias warrant and revoked his bond on June 30, noting that he remained incarcerated in Tennessee.
After the Tennessee Court of Criminal Appeals affirmed his convictions on May 17, 2016, appellant sought permission to appeal to the Tennessee Supreme Court, which was denied on September 23, 2016. Huffman filed a motion to withdraw as counsel on July 25, 2016, but he did not ask for a hearing on the motion and thus remained attorney of record.
On January 4, 2017, an order was entered placing the case on the inactive docket due to appellant's absconding. On March 7, a form titled "IAD Form V-Request for Temporary Custody" was filed with the circuit court and signed by both the circuit court and one of the prosecutors; however, that form was not signed by both appellant or his counsel. There is also a filing in the circuit court file titled "Appellant's Pro Se Motion for Request for Temporary Custody Under the IAD to be Held in Abeyance," filed March 27.
On May 4, 2017, a five-page group of forms titled "Agreement on Detainers: Form III" was filed with the circuit court. The forms were received from a warden in Tennessee, and they acknowledged the detainer from Arkansas under the IAD. The forms contained appellant's signature signed in front of a witness and were received from a Tennessee prison official stating that the IAD was in place.
Appellant was extradited back to Boone County, Arkansas, on August 2, 2017, where he appeared in court on August 4. Huffman's longstanding motion to withdraw was granted at that appearance; a public defender was appointed; and another trial date was set for November 7, 2017.
Before his trial date, appellant filed a motion to dismiss, alleging a violation of the speedy-trial limits mandated by Rule 28.1. Due to that pending motion to dismiss, the pretrial hearing and the trial were continued until January 2, 2018, when the hearing on appellant's motion to dismiss was held. Wes Bradford, the former prosecutor in Boone County, testified that beginning on August 13, 2014, the State attempted to obtain a detainer on appellant for the Arkansas matter during the period when appellant remained jailed pending trial and then was incarcerated in Tennessee. Bradford explained that he faxed forms for a detainer under the IAD with the local county-jail officials in Lauderdale County, where appellant was incarcerated. Bradford acknowledged that he did not receive proof that appellant had been served with the attempt to detain him under the IAD, but supporting documents showing that the detainer forms were faxed to appellant's counsel and to the sheriff of the jail in Lauderdale County were admitted without objection.
Huffman testified that appellant was unable to make bond in Tennessee after his arrest there. He also explained that he had filed various motions in the Arkansas case, including a motion to suppress, which could not be heard outside of appellant's presence unless appellant waived his appearance. He testified that appellant made the decision to first be tried in Tennessee. Huffman testified that he received notice of an Arkansas detainer being filed, but he *194 stated that appellant never signed a detainer form agreeing to it. Huffman acknowledged he was not a prison official in any capacity. No evidence was introduced that appellant invoked the speedy-trial protections offered by the IAD or otherwise made himself available for trial in Arkansas.
Several exhibits were introduced and admitted into evidence by the State, over appellant's objection: 1) a letter by the circuit-court manager to the administrative office of the courts, chronicling events in this matter in testimonial form; 2) a packet prepared one month before the motion-to-dismiss hearing by nontestifying officials from the Tennessee Department of Correction regarding when any detainer was lodged against appellant; and (3) various emails between counsel in this matter.
The circuit court denied appellant's motion to dismiss, finding that appellant was served with notice of the IAD on June 26, 2015. The circuit court found that the August 2014 attempts by prosecutor Bradford were premature and did not trigger the IAD, noting that appellant had not been convicted at that time and therefore was not imprisoned as per the IAD statute at that time. The circuit court also found that even if appellant had not been served with the IAD forms before his Tennessee conviction in February 2015, the detainer was in his file at the Tennessee jail.
Based on the testimony of Bradford and Huffman, the circuit court found that appellant had notice of the detainer at the latest by sometime in March 2015 and that the State of Tennessee recognized by June 26, 2015, when appellant was transferred to the Tennessee Department of Correction, that a detainer had been lodged by the State of Arkansas.
On January 2, 2018, the same day the circuit court denied appellant's motion to dismiss, appellant entered a negotiated plea of guilty to four counts of sexual assault in the first degree and seven counts of sexual assault in the second degree, all as a habitual offender, all related to various criminal acts with boys between the ages of fourteen and seventeen, pursuant to Arkansas Rule of Criminal Procedure 24.3 (2018). Appellant reserved the right to appeal the denial of his motion to dismiss based on an alleged speedy-trial violation.
Appellant was sentenced to thirty-two years on each of the eleven counts, to be served concurrent to each other and to the thirty-five-year sentence appellant was required to serve in Tennessee. Appellant was given 166 days of jail credit for time spent in the local Arkansas jail. He was returned to Tennessee in the first part of 2018, with an estimated earliest release from Tennessee custody to occur sometime in 2038, at which time he would be returned to Arkansas to serve out the remainder of his sentence. A timely notice of appeal was filed on February 1, 2018.
II. Relevant Law and Standard of Review
Pursuant to Rule 28.1, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3 (2018). E.g. , Vasquez v. State , 2018 Ark. App. 241, 548 S.W.3d 828. The period of delay resulting from the unavailability of the defendant for trial is recognized as an excludable period pursuant to Rule 28.3(e), which specifically excludes the following from computing time for trial:
The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for *195 the trial cannot be obtained or he resists being returned to the state for trial.
The twelve-month period for bringing an accused to trial begins to run on the date the information is filed or the date of arrest, whichever occurs first. Vasquez , supra. Once a prima facie case for the violation of a defendant's right to a speedy trial is established by the accused, the burden shifts to the State to establish that any delay exceeding the twelve-month period was the result of the defendant's conduct or for other good cause. Id. Arkansas Rule of Criminal Procedure 29.1 (2018) provides that
if the prosecuting attorney has information that a person charged with a crime is imprisoned in a penal institution of a jurisdiction other than the State of Arkansas, he shall promptly cause a detainer to be filed with the official having custody of the prisoner and request such officer to advise the prisoner of the filing of the detainer and of the prisoner's right to demand trial.
Separate from the above-referenced rules of criminal procedure is the IAD, which provides that after a prisoner in another jurisdiction is notified that a detainer has been filed against him, he may send the prosecuting attorney notification of his place of imprisonment and request that a final disposition be made of the charges filed against him in this State. Ark. Code Ann. § 16-95-101, Art. III(a). Upon such notification, the State has 180 days to bring him to trial or the charges must be dismissed. Patterson v. State , 318 Ark. 358, 885 S.W.2d 667 (1994).
Our supreme court has placed the responsibility on the defendant to be available for trial. White v. State , 310 Ark. 200, 833 S.W.2d 771 (1992). An accused in prison in another state, for a different crime, must affirmatively request a trial in order to activate the speedy-trial rule. Id. ; Gillie v. State , 305 Ark. 296, 808 S.W.2d 320 (1991).
On appeal, the appellate court conducts a de novo review to determine whether specific periods of time are excludable under the speedy-trial rules. Vasquez, supra.
III. Analysis
Appellant argues that the circuit court erred in denying his motion to dismiss because he was not brought to trial within the twelve months required by Rule 28.1, excluding all relevant periods per Rules 24.3(b) and 28.3, and Arkansas Rule of Criminal Procedure 29.1(b). If a defendant is not brought to trial within the requisite time, the defendant is entitled to have the Arkansas charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1 (2018).
Appellant states that for the IAD to be triggered, a defendant must be made aware of it so that he may demand his right to trial in that foreign state and be given speedy-trial rights in that endeavor. Section 16-95-101, Article III(b) states that a defendant shall be promptly informed by the warden, commissioner of corrections, or other official having custody of the prison whenever a detainer under the IAD has been lodged against him. Appellant claims that there is no proof of when he received any information regarding any detainer such that the IAD was triggered.
Appellant submits that both Bradford and Huffman testified they had not seen an IAD form signed by appellant. Appellant argues that there is no proof he was served with any notice of detainer until well after the speedy-trial time had run beyond the Rule 28.1 one-year limit.
Appellant argues that he presented a prima facie case of a violation of his right *196 to a speedy-trial violation because he was not brought to trial within twelve months as required by Rule 28.1(c). Once he did so, the State had the burden of showing that the delay was the result of his conduct or was otherwise justified. Arnold v. State , 2011 Ark. App. 452, 2011 WL 2473118. We note that appellant was served with an arrest warrant on May 7, 2014, and he entered his conditional guilty plea on January 2, 2018. This comprises a period of 1337 days, which is 972 days beyond the date of arrest; accordingly, appellant demonstrated a prima facie violation of the speedy-trial rule. However, a review of the record establishes that appellant's right to a speedy trial was not violated.
We hold that the circuit court was correct in denying appellant's motion to dismiss. A de novo review of the orders, docket entries, and other contemporaneous memorializations of proceedings establishes periods of delay in excess of 972 days, which are properly excluded from the speedy-trial determination. E.g. , Romes v. State , 356 Ark. 26, 37, 144 S.W.3d 750, 757 (2004). Items in the record memorializing delays directly attributable to appellant or otherwise demonstrating good cause are apparent without need to consider appellant's additional arguments regarding purportedly inadmissible evidence. Those State excluded time periods include, but are not limited to, the following dates:
This covers two overlapping periods that are both excludable under Rule 28.3. An order reflects that appellant initially appeared, accompanied by Huffman, at an arraignment hearing on May 16, 2014. This was the only personal appearance by appellant in Arkansas until he was extradited from Tennessee in August 2017. After the arraignment hearing, appellant was ordered to reappear for a status hearing on August 15, 2014. His bond was kept at the initial amount, and he was ordered to keep the circuit court apprised of his location. An initial trial date was set for October 27, 2014, within the speedy-trial window.
On September 22 and October 3, 2014, Huffman filed motions to continue on appellant's behalf, explaining that appellant had charges pending in Tennessee and other reasons for continuing the trial date. Those motions expressly waived speedy trial from the October 27, 2014 trial setting "to the new trial date" and acknowledged that a "docket notation is sufficient" to reflect the waiver. An order entered on September 26, 2014, continued the matter and tolled speedy trial from the September 26, 2014 hearing to a new pretrial hearing on November 25, 2014. A second order entered on October 24, 2014, overlapped and tolled the speedy-trial time from October 27, 2014, until the date of the new trial set for March 30, 2015, and noted that appellant was incarcerated in Tennessee.
The time periods resulting from continuances requested by a defendant or defense counsel are excluded from the calculation of the speedy-trial period. Romes , 356 Ark. at 38, 144 S.W.3d at 758. There is no dispute that appellant expressly waived these time periods. E.g. , Goston v. State , 55 Ark. App. 17, 20, 930 S.W.2d 387, 389 (1996). Thus, the 155-day period from October 27, 2014, to March 30, 2015, should be excluded.
The next excludable period arose because of appellant's incarceration in Tennessee. The record reflects that appellant failed to appear at a scheduled pretrial hearing on March 13, 2015, and he was ordered to reappear on March 27, 2015.
*197 When he again failed to appear on March 27, his bond was forfeited, and an alias warrant was issued; the order reflects that Huffman appeared and notes that appellant is "incarcerated by conviction in Tennessee." Other than a motion to withdraw filed by Huffman in 2016, nothing occurred on the docket until January 3, 2017, when the circuit court entered an order to move the case to the inactive docket based on appellant's absconding.
It is undisputed that appellant did not reappear until August 2, 2017, when the State was able to have him extradited from Tennessee with temporary custody in Arkansas. He appeared in the circuit court two days later, Huffman's motion to withdraw was granted, and an attorney was appointed for appellant. Trial was set for November 6, 2017.
Arkansas Rule of Criminal Procedure 28.3 governs the periods of time that are to be excluded in computing the time for trial, stating that "[a] defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial." Ark. R. Crim. P. 28.3(e). Based solely on the orders of the circuit court, it is clear that during the time period appellant's whereabouts out of state were either unknown or, once his location became known, his presence for trial could not be obtained until he was extradited.
The fact that appellant had to be extradited indicates he had not (1) appeared again after failing to appear for the prior trial date, (2) invoked his right to trial, or (3) otherwise cooperated in being returned to Arkansas for trial. E.g. , Gillie , 305 Ark. at 303, 808 S.W.2d at 323. As a result, the 857 days between March 30, 2015, and August 2, 2017, are also excludable for purposes of speedy-trial calculation, which leaves 328 nonexcludable days from the date of petitioner's arrest until he filed his motion to dismiss on November 3, 2017.
Although not needed to demonstrate the lack of a speedy-trial violation prior to appellant entering his conditional guilty pleas, the time period from November 3, 2017, when he filed the speedy-trial motion, until the hearing on the motion on January 2, 2018, also are properly excluded from the one-year limit to bring him to trial. E.g. , Yarbrough v. State , 370 Ark. 31, 257 S.W.3d 50 (2007). Subtracting the above periods from the total days from the date appellant was served with the arrest warrant until the date he pleaded guilty-1337 days minus 155 days, minus 857 days, minus 61 days, equals 264 days-well under the full year that the State had to bring appellant to trial. Accordingly, the circuit court did not err by denying appellant's speedy-trial motion.
We find no merit in appellant's attempt to confuse a straightforward analysis of whether his right to a speedy trial was violated into an argument regarding certain evidence considered by the circuit court regarding detainers attempted by prosecutors and whether the IAD was triggered, neither of which is relevant to the speedy-trial determination. Appellant's argument improperly combines the speedy-trial limit imposed by Ark. R. Crim. P. 28 with the separate statutory procedure for bringing a defendant incarcerated out of state to trial under the IAD and the State's obligation to promptly seek a detainer imposed by *198 Ark. R. Crim. P. 29 (2018). Our procedural rules do not provide "options" from which appellant can utilize to his advantage; rather, the speedy-trial rule and the IAD are separate and distinct. E.g. , Cunningham v. State , 341 Ark. 99, 14 S.W.3d 869 (2000). Appellant's arguments regarding compliance with the IAD, or lack thereof, are irrelevant to the speedy-trial calculation under Rule 28.
Affirmed.
The charges were sexual assault in the first degree, in violation of Ark. Code Ann. § 5-14-124(a)(1)(c) (Repl. 2013), Class A felony; sexual assault in the second degree, 5 counts, in violation of Ark. Code Ann. § 5-14-125(a)(4)(a)(iii) (Repl. 2013), Class B felony; knowingly furnishing alcohol to a minor, 3 counts, in violation of Ark. Code Ann. § 3-3-202(a)(1) (Supp. 2013), Class M misdemeanor; contributing to the delinquency of a minor, 3 counts, in violation of Ark. Code Ann. § 5-27-209(a)(1) (Repl. 2013), Class A misdemeanor; sexual solicitation, in violation of Ark. Code Ann. § 5-70-103(a)(1) or (a)(2) (Repl. 2013), Class B misdemeanor; loaning pornography to minors, 2 counts, in violation of Ark. Code Ann. § 5-68-502(2)(a) (Repl. 2013), Class A misdemeanor.
Appellant remained in custody there through his jury trial in January 2015.