
SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–13–552

| | |
|---|---|
| CLAUDE GRAVES<br>APPELLANT | **Opinion Delivered** December 5, 2013 |
| V. | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT, [NOS. CV-10-661, CV-11-131, CV-11-184] |
| GREENE COUNTY, ARKANSAS<br>APPELLEES | HONORABLE DAVID N. LASER, JUDGE |
| | <u>AFFIRMED</u>. |

**JIM HANNAH, Chief Justice**

Appellant, Claude Graves, appeals the order of the Greene County Circuit Court denying his claim for reimbursement of expenses incurred while working as a constable and rejecting his claim that the Greene County ordinance setting constable salaries at $25 per month was arbitrary and capricious and therefore unconstitutional. We affirm the circuit court's order.

On January 28, 2008, Graves was appointed Constable for the Shady Grove Township, Greene County, by Governor Mike Beebe. He was elected Constable in November 2008 and served in that position until he finished his term on December 31, 2012. On February 26, 2010, in CV-2010-66, Graves filed a complaint in circuit court against Greene County; Greene County Quorum Court; and Jesse Dollars, in his official capacity as County Judge of Greene County (collectively, "Greene County"), and sought

a writ of mandamus to compel the quorum court to reimburse him for his expenses and set a salary for constables. Graves then filed a motion for summary judgment, and Greene County filed a response. The circuit court entered an order granting partial summary judgment in favor of Graves, finding that pursuant to Arkansas Code Annotated section 14-14-1205(d), the quorum court was required to fix a salary for constables and that the salary amount was within the quorum court's discretion. In addition, the circuit court found that the claim for expenses was not properly before the circuit court; rather, that claim first had to be presented to Greene County.

In March 2011, the finance committee of the quorum court met to discuss setting a salary for constables. At the meeting, the committee assessed the work performance of the constables in light of the role of the Greene County Sheriff's Office and reviewed the salaries of constables from other counties in the state. On March 21, 2011, the quorum court passed Appropriation Ordinance No. 2011-06, which set the constable salaries at $25 per month.

Meanwhile, pursuant to the circuit court's order, Graves submitted claims for expenses in the amount of approximately $4,142 to the Greene County Clerk. The Clerk then transferred the claims to the Greene County Judge, who denied them. A hearing was held before the quorum court, and on May 10, 2011, an order was entered denying Graves's claims for expenses. Graves then filed CV-2011-131 in the circuit court, appealing the order denying payment of the expenses he incurred while working as a constable.

On July 22, 2011, Graves filed in the circuit court CV-2011-184, a complaint for declaratory judgment seeking to have the ordinance setting the salaries for constables declared

SLIP OPINION

unconstitutional as being arbitrary and capricious. The circuit court consolidated CV-2010-66, CV-2011-131, and CV-2011-184, conducted a de novo review and, after a hearing and consideration of the pleadings filed, proof submitted through testimony and exhibits, briefs submitted and statements of counsel, denied Graves's claim for reimbursement of expenses and found that the ordinance setting the salary for constables was not unconstitutional. Graves now brings this appeal.

Graves first contends that the circuit court erred in denying his claim for reimbursement of expenses incurred while working as a constable. He maintains that, pursuant to Arkansas Code Annotated section 14-14-1207(a), Greene County was required to reimburse him for his expenses. Greene County responds that Graves's reliance on section 14-14-1207(a) is misplaced because that statute applies only to county and district officials and not to constables, who are township officers.

A brief review of the relevant history of section 14-14-1207(a) is helpful to an understanding of the parties' arguments. Before it was amended in 2009, section 14-14-1207(a) provided as follows:

> (a) Reimbursement authorized. All elected *county* and *township* officers, and employees thereof shall be entitled to receive reimbursement of allowable expenses incurred in the conduct of county affairs where the incurrence of expense is not discretionary in the conduct of duties assigned by law. Reimbursement of allowable expenses which are incurred in the performance of discretionary functions may be permitted where provided for by a specific appropriation of the county quorum court.

Ark. Code Ann. § 14-14-1207(a) (Repl. 1998) (emphasis added).

In 2009, section 14-14-1207(a) was amended so that it now reads:

> (a) Reimbursement authorized. All *county* and *district* officials and authorized deputies

3

SLIP OPINION

or employees thereof shall be entitled to receive reimbursement of expenses incurred in the conduct of official and nondiscretionary duties under an appropriation for the operating expenses of an office, function, or service. Reimbursement of expenses that are incurred in the performance of discretionary functions and services may be permitted when provided for by a specific appropriation of the quorum court.

Ark. Code Ann. § 14-14-1207(a) (Supp. 2011) (emphasis added); *see* Act of Apr. 1, 2009, No. 732, 2009 Ark. Acts 3839. Thus, the current version of the statute authorizes reimbursement for county and district officials, whereas the prior version of the statute authorized reimbursement for elected county and township officers.

We begin by determining which version of the statute applies in this case. Graves asserts that constables are both "elected township officers" and "district officials" for the purposes of reimbursement; therefore, he appears to contend that both versions of the statute are applicable. We disagree. Based on the record before us, we conclude that the current version of the statute applies in this case. Section 14-14-1207(a) was rewritten by Act 732 of 2009, which did not contain an emergency clause or a specified effective date; therefore, pursuant to amendment 7 of the Arkansas Constitution, the Act became effective ninety days after the adjournment of the legislative session at which it was enacted. *See Tate v. Bennett*, 341 Ark. 829, 833 n.3, 20 S.W.3d 370, 372 n.3 (2000). The session in which Act 732 was approved adjourned on May 1, 2009; thus, the Act became effective on July 31, 2009. *See* Op. Ark. Att'y Gen. No. 90 (2009). Linda Heritage, Greene County Clerk, testified that in 2011, Graves presented to her invoices and claims for payment of expenses for 2008, 2009, 2010, and "a portion" of 2011. Because Graves sought reimbursement in 2011, after the statute had been amended, the current version of the statute is applicable in this case.

Having determined that the current version of the statute is applicable, we must now consider Graves's argument that, as constable, he is a "district official" for the purposes of section 14-14-1207(a) (Supp. 2011). The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *E.g.*, *Bennett & DeLoney, P.C. v. State ex rel. McDaniel*, 2012 Ark. 119, 388 S.W.3d 12. The basic rule of statutory construction is to give effect to the intent of the legislature. *E.g.*, *Dachs v. Hendrix*, 2009 Ark. 542, 354 S.W.3d 95. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id*. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id*.

Graves offers no authority for his proposition that constables are "district officials." But constitutional and statutory law make clear that constables are "township officers" rather than "district officials." The office of constable was created by article 7, section 47 of the Arkansas Constitution, which states, in relevant part, that "[t]he qualified electors of each *township* shall elect the Constable for the term of two years." (Emphasis added.) Arkansas Code Annotated section 14-14-1301(b) (Supp. 2011), which is titled "Quorum Court District and Township Officers," states in relevant part as follows:

> (1) There shall be elected in each of the quorum court districts of the counties of this state one (1) justice of the peace . . . who shall serve as a member of the quorum court of the county in which elected . . . . Each justice shall be a qualified elector and a resident of the district for which he or she is elected.

5

SLIP OPINION

(2) There shall be elected in each *township*, as preserved and continued in § 14-14-401, one (1) *constable* who shall have the qualifications and perform such duties as may be provided by law.

(Emphasis added.) Thus, justices of the peace are generally "quorum court district officers," and constables are generally "township officers." In addition, Arkansas Code Annotated section 14-14-604 (Repl. 1998), which involves alternative organizations of county government, states that constables "are deemed *township* offices." *Id.* § 14-14-604(3) (emphasis added).

In sum, the plain language of section 14-14-1207(a) (Supp. 2011) authorizes reimbursement for district officials.[1] A constable is not a district official, but a township officer. Accordingly, section 14-14-1207(a) (Supp. 2011) does not authorize the reimbursement of expenses for constables. The circuit court did not err in denying Graves's claim for expenses.

Graves next contends that the Greene County ordinance setting constable salaries at $25 per month was arbitrary and capricious and therefore unconstitutional. He contends that

---

[1]The statute also authorizes reimbursement for county officials. *See* Ark. Code Ann. § 14-14-1207(a) (Supp. 2011). In his opening brief, Graves argued that he was both a "district official" and a "township officer" for the purposes of the reimbursement statute, but he did not argue that he was a "county official" under the statute. In his reply brief, however, Graves contended that constables were both township officials and county officials under the statute. Although Graves's reply argument may be considered a response to Greene County's assertion that section 14-14-1207(a) (Supp. 2011) applies only to county and district officials, Graves essentially raised for the first time in his reply brief the argument that a constable is a county official under the reimbursement statute. This court will not consider arguments raised for the first time in an appellant's reply brief because the appellee is not given a chance to rebut the argument. *See, e.g.*, *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005).

the ordinance causes constables to be treated differently than other individuals working for Greene County because no other individual working for Greene County is paid $300 per year or less.[2] On this claim, no fundamental right or suspect classification is at issue; therefore, we agree with the parties that the correct test to apply is the rational-basis test.

The Equal Protection Clause permits classifications that have a rational basis and are reasonably related to a legitimate government purpose. *Bakalekos v. Furlow*, 2011 Ark. 505, at 13, 410 S.W.3d 564, 573. Equal protection does not require that persons be dealt with identically; it only requires that classification rest on real and not feigned differences, that the distinctions have some relevance to the purpose for which the classification is made, and that their treatment be not so disparate as to be arbitrary. *Id*. at 13–14, 410 S.W.3d at 573. When reviewing an equal-protection challenge, it is not this court's role to discover the actual basis for the legislation. *Id*. at 14, 410 S.W.3d at 573. Rather, we consider whether there is any rational basis that demonstrates the possibility of a deliberate nexus with state objectives so that legislation is not the product of arbitrary and capricious government purposes. *Id*. at 14, 410 S.W.3d at 573. If a rational basis exists, the statute, or, in this case, the ordinance, will withstand constitutional challenge. *See id.*, 410 S.W.3d at 573.

An ordinance is entitled to the same presumption of validity that legislative enactments receive. *E.g.*, *Morningstar v. Bush*, 2011 Ark. 350, at 7, 383 S.W.3d 840, 845. Under the rational-basis test, the ordinance is presumed constitutional and rationally related to achieving

---

[2]By way of comparison, Graves states that the maximum salary for Greene County quorum court members is $8734 and that the Greene County Sheriff's salary can range from $33,000 to $79,005 per year.

any legitimate governmental objective under any reasonably conceivable fact situation. *See*

*Bakalekos*, 2011 Ark. 505, at 14, 410 S.W.3d at 573. Thus, similar to a statute, an ordinance

is presumed constitutional, and the burden of proving otherwise is on the challenging party.

*Morningstar*, 2011 Ark. 350, at 7, 383 S.W.3d at 845.

When Graves filed his February 26, 2010 complaint to compel the quorum court to

set a salary for constables, the law provided that "[t]he compensation of all constables serving

in an official capacity established by law shall be fixed by ordinance of the quorum court in

each county." Ark. Code Ann. § 14-14-1205(d) (Supp. 2009).[3] The quorum court fixed the

salary for constables at $25 per month, and Graves asserts that this amount is unreasonable.

In support of this claim, Graves cites Arkansas Code Annotated section 16-19-301 (Repl.

1999), which outlines the responsibilities of constables. Duties of constables include

suppressing all riots, affrays, fights, and unlawful assemblies; keeping the peace; and arresting

offenders. *Id*. § 16-19-301(a). Constables have the authority to serve warrants, summonses,

writs, and other process as provided by law. *Id*. § 16-19-301(c). A constable who fails to

perform the duties imposed upon him or her by statute may be subject to criminal liability.

*Id*. § 16-19-301(f).

In further support of his claim that the salary is unreasonable, Graves points to his

testimony at the hearing before the circuit court. Graves testified that he dedicated between

---

[3]In 2011, the statute was amended; it now states that "[t]he compensation of all constables serving in any official capacity established by law *may be fixed* by ordinance of the quorum court in each county." Ark. Code Ann. § 14-14-1205(d) (Supp. 2011) (emphasis added).

SLIP OPINION

two and sixteen hours a day to his duties as constable and that during his term as constable, he regularly patrolled his township and received calls from citizens "about someone trespassing or various things." He further testified that he was on call twenty-four hours a day.

Graves avers that based on the statutory duties imposed on constables and the time and effort they devote to their office and the people they serve, a reasonable salary for constables is $30,000 per year. He contends that there is nothing in the record from which the circuit court could have properly found a rational basis for a salary of $25 per month. We disagree.

The record reflects that, at the hearing before the circuit court, Graves was asked whether he had performed any of the statutory duties of constables delineated in Arkansas Code Annotated section 16-19-301. He testified that during 2008, 2009, 2010, 2011, and 2012, he never had to suppress riots, fights, or unlawful assemblies within his township. He further testified that, during those years, he did not issue any traffic or misdemeanor citations, and he did not present any summons to a jury. Graves testified that on two occasions during those years, he received calls from county officials "informing [him] of what was going on in [his] area," but not requesting any assistance from him. In addition, as Greene County points out, when setting the salary for constables, the quorum court considered the duties performed by constables at county request and reviewed the salaries of constables from other counties in the state.[4] The evidence and testimony before the circuit court demonstrates that

---

[4]Many of the counties paid no salary for constables. For those counties paying salaries, amounts ranged from $1 to $300 per year.

the quorum court had a rational basis for setting the $25-per-month salary for constables.

Affirmed.

*Womack, Phelps & McNeill, P.A.*, by: *Mark Mayfield* and *Ryan M. Wilson*; and *Dover & Zolper*, by: *Dennis Zolper*, for appellant.


*Branch, Thompson, Warmath & Dale, P.A.*, by: *Kimberly B. Dale*, for appellee.