

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-578

| | |
|---|---|
| U.S. CURRENCY IN THE AMOUNT OF $70,000 AND ANTHONY EUGENE CORLEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 19, 2014<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 23CV2011-671-3]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

This is an appeal from a circuit court's order granting the State's petition for forfeiture of $70,000. On appeal, appellant Anthony Corley contends that the circuit court erred in granting the State's petition because (1) no drugs were found, so the rebuttable presumption was inapplicable; (2) a drug-dog alert is "virtually meaningless" to prove grounds for forfeiture; and (3) the State's remaining arguments in support of forfeiture were "pure speculation." We hold that the circuit court erred in applying the rebuttable presumption in this case. Accordingly, we reverse and remand for the court to decide the case on the record without using the presumption.

On October 26, 2011, the State initiated this in rem action requesting forfeiture pursuant to Ark. Code Ann. § 5-64-505(a)(6) of $70,000 cash found in appellant's gym bag during a traffic stop of a truck in which he was a passenger. Appellant responded, denying that forfeiture was authorized in this case. The circuit court held a hearing on the petition on

SLIP OPINION

January 14, 2013, at which the State presented the testimony of several police officers, including a K-9 officer. The only testimony presented by the appellant was his own.

This case arose from a traffic stop at 1:00 p.m. on September 24, 2011. Appellant was a passenger in a tractor trailer that was stopped by Lonoke County Sheriff Deputy Randy Crouch for crossing the fog line. The driver told Deputy Crouch that he was bound for California. Deputy Crouch testified that he got conflicting stories on where the driver picked up appellant: one story was that he picked him up in Nashville, Tennessee, where appellant lived; the other story was that appellant got in at a truck stop in West Memphis. Appellant told Deputy Crouch that he was going to California and that he did not know at that point how he was going to get back to Nashville. When Deputy Crouch checked appellant's criminal history, he discovered that appellant had been arrested for drugs in 1992 and in 2007. The truck driver gave Deputy Crouch permission to search the truck and appellant gave him permission to search his belongings, which consisted of a small gym bag and its contents. Inside the gym bag, Deputy Crouch found two vacuum-sealed bags of currency, totaling $70,000. The money was in a trash bag that had been cut off and tied in a knot. No drugs or drug paraphernalia were discovered.

Sergeant Dennis Overton of the Arkansas State Police testified that he was the coordinator for the interstate criminal patrol groups, which has teams around the state working on criminal activities using the state's interstates. He was the post sergeant in Lonoke County in September 2011 when this event occurred, and he arrived on the scene shortly after Deputy Crouch stopped the truck. He testified that appellant said that he had ridden

with a friend to California several weeks earlier and then flown back to Nashville. Sergeant Overton also said that appellant initially admitted to having a "couple thousand dollars" with him and later admitted to having $70,000 in the truck. Officers found a cell phone in the back of the truck that did not belong to the driver, but no SIM card was in the phone. Appellant denied that it was his phone. Sergeant Overton testified that it was a trend for people who were trafficking money and narcotics to remove the SIM cards in phones to prevent law enforcement from discovering photos of the money or product or text messages within the drug organization. He also opined that drug-trafficking organizations packaged their money in a manner to defeat a drug dog's ability to detect a scent.

Officer Trenton Behnke of the Arkansas State Police testified that he was employed as a K-9 handler for the interstate criminal patrol team and that he was called to assist Sergeant Overton and Deputy Crouch to determine whether the seized money contained an odor of narcotics. He deployed his dog, Major, around the interior of the men's locker room at the State Police, and Major did not show any interest. Deputy Crouch then hid the money in one of the lockers, where it remained for twenty or thirty minutes. At that point, Officer Behnke returned with Major to the locker room and Major alerted on locker number 12, which is where Deputy Crouch had hidden the money. Officer Behnke testified that Major was trained to know the difference between money and narcotics and would alert only to the odor of narcotics, not to the odor of money.

Finally, Special Agent William DeSantis, an investigator with the Internal Revenue Service's Criminal Investigation Division in Nashville, testified that in July 2007, appellant

had been intercepted having numerous phone conversations with someone who was subject to a wiretap. Agent DeSantis testified that it was his opinion that appellant was attempting to buy high-grade marijuana from this individual. He said that appellant was charged with conspiracy and ultimately pleaded to misdemeanor possession.

On his own behalf, appellant testified that the $70,000 seized by the officers was money that he had saved "since he was a kid." He said that he "vacuum sealed" the money at his house in Nashville to make it small and easy to transport. He testified that he was going to be in California for a week or two, the money was his expense money, and he might go to Las Vegas and spend it. He said the phone found in the truck was not his. He claimed that he had accidentally left his phone at home. He also said that he had been to California several weeks before and had driven a rental car to avoid putting miles on his own car.

On March 26, 2013, the circuit court entered judgment granting the petition for forfeiture, finding specifically that the State had proved by a preponderance of the evidence that the $70,000 should be forfeited and that appellant had failed to prove in response by a preponderance of the evidence that it should not be forfeited. This appeal followed.

A forfeiture is an in rem proceeding, independent of the criminal charge, to be decided by the trial court by a preponderance of the evidence. *$15,956 In U.S. Currency v. State*, 366 Ark. 70, 75, 233 S.W.3d 598, 601 (2006). The statutory provision governing forfeitures is set forth in Ark. Code Ann. § 5-64-505(a) (Supp. 2013), which provides in relevant part as follows:

> (a) ITEMS SUBJECT TO FORFEITURE. The following are subject to forfeiture upon the initiation of a civil proceeding filed by the prosecuting attorney and when so ordered

by the circuit court in accordance with this section, *however no property is subject to forfeiture based solely upon a misdemeanor possession* of a Schedule III, Schedule IV, Schedule V, or Schedule VI controlled substance:

. . . .

(6)(A) Anything of value, including firearms, furnished or intended to be furnished in exchange for a controlled substance or counterfeit substance in violation of this chapter, any proceeds or profits traceable to the exchange, and *any money*, negotiable instrument, or security *used, or intended to be used, to facilitate any violation of this chapter.*

. . .

(7) REBUTTABLE PRESUMPTIONS.

(A) Any *money*, coin, currency, or firearms *found in close proximity to a forfeitable controlled substance*, a counterfeit substance, forfeitable drug manufacturing or distributing paraphernalia, or a forfeitable record of an importation, manufacture, or distribution of a controlled substance or counterfeit substance *is presumed to be forfeitable under this subdivision (a)(7).*

(B) The burden of proof is upon a claimant of the property to rebut this presumption by a preponderance of the evidence[.]

Ark. Code Ann. § 5-64-505(a)(6)–(7)(B) (emphasis added).

Thus, under Arkansas law, for property to be subject to forfeiture, the State must prove by a preponderance of the evidence that the property was "used, or intended to be used" to facilitate a violation of the Uniform Controlled Substances Act. Ark. Code Ann. § 5-64-505(a)(6). If, however, the property is found in close proximity to a forfeitable controlled substance, then it is presumed to be forfeitable, and the burden of proof rests with the claimant of the property to rebut this presumption by a preponderance of the evidence. Ark. Code Ann. § 5-64-505(a)(7). The circuit court applied the presumption in this case.

Appellant first argues that the circuit court erred in granting the petition for forfeiture because no drugs were found, thus making the rebuttable presumption under Ark. Code Ann.

§ 5-64-505(a)(7) inapplicable. The question of the correct application and interpretation of an Arkansas statute is a question of law, which we decide de novo. *Graves v. Greene Cnty.*, 2013 Ark. 493, at 5, ___ S.W.3d ___, ___. The basic rule of statutory construction is to give effect to the intent of the legislature. *Id.* Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* Finally, the forfeiture statute is penal in nature and forfeitures are not favored under the law; we must construe this statute narrowly on appeal. *Gregory v. State*, 2011 Ark. App. 131, at 10, 381 S.W.3d 168, 174.

We turn to the relevant facts of this case. There is no dispute that officers found no drugs or drug paraphernalia at the scene when the truck in which appellant was a passenger was stopped. The only possible controlled substance that was in close proximity to the money seized was whatever trace amount existed on the money that caused Major to alert when the money was placed in a locker at the state police station. Neither we nor our supreme court has held that a drug-dog alert on a non-controlled-substance item constitutes "a forfeitable controlled substance" sufficient to employ the rebuttable presumption in a forfeiture case. *But see $15,956 In U.S. Currency v. State*, 366 Ark. at 77, 233 S.W.3d at 603 (holding the "fact that the controlled substance is residue, rather than a 'usable amount,' does not make the rebuttable presumption under the forfeiture statute inapplicable"). We decline to so hold here.

The plain language in the statute states that the presumption applies when property to be seized is found in close proximity to a "forfeitable controlled substance." Ark. Code Ann. § 5-64-505(a)(7). The odor of narcotics—in this case identified on the property actually seized—detected by a dog trained to recognize such odors is not a "forfeitable controlled substance." A drug-dog alert on money is simply is not enough to invoke the presumption. Therefore, we reverse the court's order and remand for the court to decide the case on the record without employing the rebuttable presumption.

Reversed and remanded.

WALMSLEY and GLOVER, JJ., agree.

*John Wesley Hall*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.