# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–14–1041

| | |
|---|---|
| FRANK ALFORD STARLING<br>APPELLANT | **Opinion Delivered** September 2, 2015 |
| V. | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CR–13–238] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BRENT HALTOM, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

On August 20, 2014, following a three-day jury trial in the Miller County Circuit Court, Frank Starling was convicted of murder in the first degree and committing a terroristic act with firearm enhancements as to the offenses. He was sentenced to a total of 110 years in the Arkansas Department of Correction. Starling's sole argument on appeal is that there was insufficient evidence of the "conscious object" requirement for murder in the first degree and committing a terroristic act. Pursuant to Arkansas Criminal Procedure Rule 33.1(a), Starling made and renewed a specific directed-verdict motion at the close of the State's case and at the close of all the evidence, so his argument is preserved for our review.

A summary of the facts, as presented at trial, is as follows. On April 18, 2013, Demetria Satterwhite contacted Starling to let him know that Billy Hawkins, or "Wild Bill" as he was known, was interested in buying crack cocaine from him. Starling told Satterwhite it would cost

SLIP OPINION

$1000. Hawkins, in turn, planned to sell the drugs to "his home boys" from Ashdown. Satterwhite drove Starling, Hawkins, and Aundrey Battle to a local McDonald's where Satterwhite saw her cousin, Andrew "P.J." Cheatham III. Satterwhite got out of the car and went over to P.J.'s car, and Hawkins followed her. Hawkins, who had possession of Starling's crack cocaine, got in P.J.'s car, and they drove off together.

Starling became irate when Hawkins left with the drugs without paying for them. Satterwhite testified that Starling threatened her and her children because he believed she was part of the plot to steal the drugs. According to Satterwhite, Starling forced her to drive around town looking for P.J. and Hawkins. Over the course of trying to find P.J. and Hawkins, more people joined in the hunt. Satterwhite drove Starling past the home of Brittany Baker, P.J.'s girlfriend, where she noticed a gold Toyota parked outside. Satterwhite, Starling, and the others stopped for gas at a local convenience store, where Satterwhite said she saw the gold Toyota again. Satterwhite testified that she later found out that Starling's brother, Serandan, was in the gold Toyota.

At the convenience store, someone spotted P.J.'s car, so Satterwhite and the driver of the gold Toyota started following P.J.'s car. They blocked off his car on a side street, and Serandan Starling and Aundrey Battle jumped out of their cars and started shooting at P.J.'s vehicle. One of the bullets struck P.J. in the forehead, killing him. Everyone fled the scene and buried their weapons. Frank Starling and Battle later burned the clothes they were wearing at the time of the murder.

SLIP OPINION

As noted, on August 20, 2014, Frank Starling was convicted of murder in the first degree and committing a terroristic act, and both offenses carried a firearm enhancement. Starling contends that the trial court erred by denying his motion for directed verdict because there was insufficient proof of the "conscious object" requirement for murder in the first degree and committing a terroristic act. This timely appeal follows.

On appeal, this court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Smoak v. State*, 2011 Ark. 529, 385 S.W.3d 257. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Ricks v. State*, 316 Ark. 601, 873 S.W.2d 808 (1994). On appeal, this court reviews the evidence in the light most favorable to the State and need consider only that evidence that supports the verdict. *Williams v. State*, 2011 Ark. 432, 385 S.W.3d 157. We will affirm a judgment of conviction if substantial evidence exists to support it. *Gillard v. State*, 366 Ark. 217, 234 S.W.3d 310 (2006).

A person commits murder in the first degree if acting alone or with one or more other persons, with a purpose of causing the death of another person, the person causes the death of another person. *See* Ark. Code Ann. § 5-10-102(a) (Repl. 2006). A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result. Ark. Code Ann.

§ 5-2-202(1) (Repl. 2006). It is well settled that the State must prove beyond a reasonable doubt every element of a charged offense. *See Victor v. Nebraska*, 511 U.S. 1,5 (1994).

A person commits a terroristic act if, while not in the commission of a lawful act, the person: shoots at or in any manner projects an object at a conveyance which is being operated or which is occupied by another person with the purpose to cause injury to another person or damage to property. Ark. Code Ann. § 5-13-310(a)(1) (Supp. 2013). Starling argues that the State failed to prove that it was his conscious object to assist Serandan Starling in the murder or the terroristic act. He claims there was very little evidence of any contact between his brother and him, and there was no evidence that he advised his brother to kill the victim or shoot at the vehicle.

The State cites *Green v. State*, 2013 Ark. 497, 430 S.W.3d 729 and *Clark v. State*, 358 Ark. 469, 192 S.W.3d 248 (2004), which hold that when two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *See also Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991). The law in Arkansas makes no distinction between the criminal liability of a principal and an accomplice. *See* Ark. Code Ann. § 5-2-402(2); *Winters v. State*, 2013 Ark. 193, 427 S.W.3d 597. One can be an accomplice if he solicits, advises, encourages, or coerces the other person to commit the offense; or aids, agrees to aid, or attempts to aid the other person in planning or committing the offense. *See* Ark. Code Ann. § 5-2-403(a)(1)(2).

Upon review, the testimony presented at trial, viewed in the light most favorable to the State, establishes the crimes were committed and connects Frank Starling to the crimes.

Evidence was offered to establish that Starling was infuriated because Hawkins left in P.J.'s car with the drugs and without paying for them. Testimony also indicated that Starling rounded up his brother and many other family members and acquaintances to go hunt for Hawkins and P.J. Evidence was presented that Starling threatened to kill the victim once he found him. Battle testified that Starling was extremely mad, stating, "I want my shit back, or my money." Battle said the group, including Starling who held a gun on his lap the entire time, drove around trying to find P.J. Once they located P.J. and blocked his car in, Battle took Frank Starling's loaded gun because Battle believed that Frank was going to "do somethin' bad to the dude or somethin'."

While it was Starling's brother, Serandan, who actually fired the shot that killed P.J., there was sufficient evidence for the jury to convict Frank Starling. He was not merely present at the murder scene; he encouraged it and gathered all the players together to commit the crime. Frank Starling testified on his own behalf, admitting that he was a drug dealer. On the stand, he claimed that he was "not a violent person" but also admitted that "it was a possibility we would have gotten into a fist fight" when asked about wanting to harm P.J. or Hawkins or anyone else. He also admitted that he blatantly lied to the detectives about his involvement in the crime.

Based upon our review of the testimony presented at trial, there was evidence that Frank Starling drove around Texarkana with the conscious object and stated purpose to assist in hunting down and killing the victim. As such, we hold that substantial evidence supports Starling's convictions and the circuit court properly denied his motions for directed verdict.

Affirmed.



GRUBER and HOOFMAN, JJ., agree.

*William A. McLean*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.