

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-1150

| | | |
|---|---|---|
| | | **Opinion Delivered** September 27, 2017 |
| D.S. | | |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17JV-15-79] |
| V. | | |
| | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REMANDED WITH INSTRUCTIONS |

**LARRY D. VAUGHT, Judge**

D.S.[1] appeals from the Crawford County Circuit Court's order finding that he violated his probation and requiring him to register as a sex offender pursuant to Arkansas Code Annotated section 9-27-356 (Repl. 2015). D.S. argues that the circuit court's decision requiring him to register as a sex offender was clearly erroneous and that the court failed to make specific written findings on each statutory factor as required by statute.[2] We remand.

On March 13, 2015, the State filed a petition alleging that D.S. had committed rape and two counts of fourth-degree sexual assault. The rape charge was amended to a second-degree sexual-assault charge. An agreed order was entered on December 3, 2015, finding that D.S. was adjudged a juvenile delinquent on second-degree sexual assault and two counts of fourth-

---

[1]D.S.'s date of birth is September 20, 1998. At the time these proceedings began, he was a minor.

[2]On appeal, D.S. does not challenge the circuit court's finding that he violated the terms and conditions of his probation.

degree sexual assault. D.S. was placed on probation until September 20, 2016 (his eighteenth birthday). D.S. was also ordered to complete a community-notification risk assessment (risk assessment).

On February 18, 2016, the State filed a second petition seeking revocation of D.S.'s probation based on alleged probation violations. An agreed order was entered on March 17, 2016, wherein the court extended D.S.'s probation to March 31, 2017.

The State filed a third petition on August 25, 2016, seeking revocation of D.S.'s probation based on new probation violations. Thereafter, on October 12, 2016, the State filed a motion requesting the court to order D.S. to register as a sex offender based on D.S.'s recent completion of a risk assessment that recommended he be required to register.

A hearing on the State's petition for probation revocation and motion for sex-offender registration was held on October 19, 2016. At the hearing, Skip Hoggard, a licensed psychological examiner at the University of Arkansas for Medical Sciences, testified that he performed the risk assessment on D.S. on September 26, 2016. Hoggard testified about his findings; stated that his findings were detailed in his fifteen-page report, which was introduced into evidence; and recommended that D.S. register as a sex offender. The circuit court ruled from the bench that the State had proved by clear and convincing evidence that D.S. should be ordered to register as a sex offender. The circuit court entered an order on October 19, 2016, and this appeal followed.

Arkansas Code Annotated section 9-27-356 provides that if a juvenile is adjudicated delinquent for second-degree sexual assault, the court shall order a sex-offender screening and risk assessment. Ark. Code Ann. § 9-27-356(a)(3). This statute provides that the court may

order sex-offender screening and a risk assessment if a juvenile is adjudicated delinquent for any offense with an underlying sexually motivated component (i.e., fourth-degree sexual assault). Ark. Code Ann. § 9-27-356(b)(1). Arkansas Code Annotated section 9-27-356(b)(2) further provides that the court may require that a juvenile register as a sex offender upon recommendation of the sex-offender-assessment committee and following a hearing as set forth in subsection (e) of this section. Subsection (e) provides:

> (e)(1) The court shall conduct a hearing within ninety (90) days of the registration motion.
>
> (2)(A) The juvenile defendant shall be represented by counsel, and the court shall consider the following factors in making its decision to require the juvenile to register as a delinquent sex offender:
>
> (i) The seriousness of the offense;
>
> (ii) The protection of society;
>
> (iii) The level of planning and participation in the alleged offense;
>
> (iv) The previous sex offender history of the juvenile, including whether the juvenile has been adjudicated delinquent for prior sex offenses;
>
> (v) Whether there are facilities or programs available to the court that are likely to rehabilitate the juvenile prior to the expiration of the court's jurisdiction;
>
> (vi) The sex offender assessment and any other relevant written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
>
> (vii) Any other factors deemed relevant by the court.

Ark. Code Ann. § 9-27-356(e)(1), (2). Subsection (f) states: "The court shall make written findings on all the factors in subsection (e) of this section," and "[u]pon a finding by clear and convincing evidence that a juvenile should or should not be required to register as a sex offender, the court shall enter its order." Ark. Code Ann. § 9-27-356(f)(1), (2).

SLIP OPINION

On appeal, D.S. argues that the circuit court clearly erred in (1) ruling that he be required to register as a sex offender and (2) failing to make specific written findings on each statutory factor. In the case at bar, the circuit court's order provides:

> 3. The Court finds by clear and convincing evidence that said Defendant be required to register as a sex offender, based on the seriousness of the offense, the protection of society, the level of planning and participation of the offense, his previous sexual history, the availability of facilities for treatment available to rehabilitate said Defendant prior to the expiration of the Court's jurisdiction, the sex offender assessment and any other written reports or other materials relating to said Defendant's mental, physical, educational and social history, and the testimony of Skip Hoggard, L.P.E.-1.

In *W.J.S. v. State*, 2016 Ark. App. 310, at 4, 495 S.W.3d 649, 652, the minor raised the same sufficiency and technical arguments raised by D.S. In *W.J.S.*, the circuit court's order ruling that the minor be required to register as a sex offender contained language nearly identical to the language found in the instant case.[3] *Id.* at 2, 495 S.W.3d at 651. There, we held that such language did not constitute written findings as required by section 9-27-356(e), and we remanded with instructions to enter an order consistent with the statute. *Id.* at 5, 495 S.W.3d at 653.

*W.J.S.* is directly on point and requires remand in the instant case. The circuit court merely recited the proper statutory factors to be considered but failed to make written findings on the factors as required in subsections (e) and (f). Accordingly, we remand the case with instructions to enter an order consistent with the statute.

---

[3]The only differences between the two orders are: (1) the court in *W.J.S.* referred to the minor as "juvenile," while the court in the case at bar referred to D.S. as "Defendant," and (2) the names of the witnesses who testified at the hearings.

Remanded with instructions.

ABRAMSON and HIXSON, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., and *Bryan Foster*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.