WAYMOND M. BROWN, Judge
Appellant appeals from the circuit court's order requiring him to register as a sex offender. Appellant's sole argument on appeal is that the circuit court lacked the authority or jurisdiction to order appellant to register as a sex offender pursuant to Arkansas Code Annotated section 9-27-356(b)(2).[1] We affirm.
On October 10, 2014, appellant was adjudicated delinquent of sexual assault in the second degree. As part of that adjudication, appellant was ordered to complete a Community Notification Risk Assessment at the University of Arkansas for Medical Sciences. The assessment was completed on March 27, 2017; appellant was assigned a risk level of "Level III (High) high risk of sexual re-offense" and recommended to register as a sex offender. The appellee filed a motion on June 9, 2017, to require appellant to register as a sex offender. Appellant responded in opposition on June 19, 2017. A hearing on the motion was held on July 21, 2017.
Helen Chambers testified to completing a Registration Risk Assessment on appellant, in which she recommended that he be required to register as a sex offender as a "high risk." Appellant had been adjudicated delinquent of sexual assault and residential burglary for incidents in which he sat a minor on his lap and kissed the child on his lips, and for stealing underwear.[2]
Chambers stated that appellant initially denied being involved in any sexual misconduct with the exception of sitting a minor on his lap; however, as she "brought [other incidents] up individually ... he agreed they were also true." These admissions included appellant's disclosure that he sexually abused his younger brother for "several years[,]" beginning when appellant was fifteen; there had been masturbation and fondling, but appellant had been unsuccessful in his attempts to get his brother to perform oral and anal sex. With regard to how many times he had sexually abused his brother, appellant said "there were too many times to remember how many."[3] He had also masturbated in front *482 of his six- and seven-year-old nieces. Chambers described appellant's sexual history as "unusually long[.]" Appellant had been diagnosed with pedophilic disorder.[4] Chambers noted that it "appears that [appellant] has targeted children under the age of 10" and that his targets have remained under the age of ten even as appellant has gotten older.
Chambers testified THAT "there were instances of continued sexual abuse after being caught which is significant" because after reprimand and consequences, the likelihood of a particular behavior being a long-term problem is "considerably less [if the behavior is stopped after a reprimand] than if they continue to have sexual problems after being caught." Appellant's offenses continued despite having received treatment in the court system and "quite a bit of treatment including in-patient." She testified that appellant did not appear to show any remorse or empathy for his victims, though she believed he understood how sexual abuse can be harmful to victims.
Regarding the process of how she receives a child for assessment, Chambers testified that it is "usually triggered" by a court order when being done for the Department of Youth Services, but also AT the behest of the Department of Human Services (DHS) when a person exhibits sexual behavior that DHS wants to treat. In either case, to have a risk assessment there "has to be an adjudication." Chambers stated that in making her assessment, she looks at more than just the adjudicated crime; she looks at "his whole history[,]" many parts of which are not prosecuted in many instances.[5]
The circuit court then took the matter under advisement. The circuit court entered its order on August 18, 2017, stating in pertinent part:
That pursuant A.C.A. 9-27-356, this Court did order a sex offender screening and risk assessment in that the [appellant] had been adjudicated a delinquent for the above serious sexual offense. That this Court has jurisdiction over [J.L.W.] and ordered him to submit to a Sex Offender Registration Risk Assessment. That all Sex Offender Risk Assessments are done by the UAMS Department of Pediatric Family Treatment Program and that this Risk Assessment has been done by Ms. Helen Chambers who is the LCSW with UAMS.
The circuit court then made extensive findings regarding the seriousness of the adjudicated offense, sexual assault in the second degree; Chambers's opinion that appellant is a high risk to reoffend; appellant's "history of sexual acting out" from the age of seven, then being twenty years of age; and his long history of treatment programs, including multiple residential programs. It then found that there was clear and convincing evidence, based on the asserted findings, that appellant should register as a sex offender. This timely appeal followed.
Arkansas Code Annotated section 9-27-356 provides that if a juvenile is adjudicated delinquent for second-degree sexual assault, the court shall order a sex-offender *483 screening and risk assessment.[6] This statute provides that the court may order sex-offender screening and a risk assessment if a juvenile is adjudicated delinquent for any offense with an underlying sexually motivated component (i.e., fourth-degree sexual assault).[7] Arkansas Code Annotated section 9-27-356(b)(2) further provides that the court may require that a juvenile register as a sex offender upon recommendation of the sex-offender-assessment committee and following a hearing.[8] Regarding issues of statutory interpretation, this court has stated the following:
This court reviews issues of statutory interpretation de novo, as it is for this court to decide the meaning of a statute. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole.[9 ]
Appellant's sole argument on appeal is that the circuit court lacked the authority or jurisdiction to order appellant to register as a sex offender pursuant to Arkansas Code Annotated section 9-27-356(b)(2). The crux of appellant's argument is that the circuit court based its ruling on the testimony of one person, Chambers, despite the statute requiring a recommendation from the nine-member Sex Offender Assessment Committee. Appellant asserts that the trial court did not receive the requisite recommendation from the Sex Offender Assessment Committee; therefore, the argument goes, the circuit court did not have the authority or jurisdiction to order appellant to register as a sex offender.
Appellant is correct in his assertion that the circuit court may require that a juvenile register as a sex offender upon recommendation of the Sex Offender Assessment Committee.[10] However, his reliance on the asserted section is in error. Arkansas Code Annotated section 9-27-356(b)(2) depends on Arkansas Code Annotated section 9-27-356(b)(1) for applicability. Arkansas Code Annotated section 9-27-356(b)(1) states that "[t]he court may order a sex offender screening and risk assessment if a juvenile is adjudicated delinquent for any offense with an underlying sexually motivated component." Appellant was not adjudicated for an offense pursuant to Arkansas Code Annotated section 9-27-356(b)(1).
Appellant was adjudicated delinquent for the offense of sexual assault in the second degree, which is an explicitly enumerated offense listed in Arkansas Code Annotated section 9-27-356(a). There is no requirement of a recommendation from *484 the Sex Offender Assessment Committee for offenses listed in Arkansas Code Annotated section 9-27-356(a), regarding which the statute states the following:
Following a sex offender screening and risk assessment, the prosecutor may file a motion to request that a juvenile register as a sex offender at any time while the court has jurisdiction of the delinquency case if a juvenile is found delinquent for any of the offenses listed in subsection (a) of this section.[11]
Giving the statute its plain meaning based on the ordinary and accepted meaning of the language therein, it is clear that the section appellant references is inapplicable to his case and the applicable section permits an order to register as a sex offender to be based on a risk assessment completed by someone other than the Sex Offender Risk Assessment Committee. In light of the evidence before the circuit court, given that appellant does not challenge the substance of Chambers's report, does not assert that her recommendation was otherwise erroneous, and does not otherwise challenge the circuit court's order, we affirm.
Affirmed.
Abramson and Glover, JJ., agree.

(Repl. 2015).

In the order appealed from, the circuit court stated that appellant used the underwear to masturbate.

There was a three-to-four-year age difference between appellant and his younger brother, which Chambers said was "significant in [her] assessment because a younger child is going to be more easily influenced and under the control of an older sibling[,]" which "does relate back to [appellant's] pedophilic disorder."

Chambers defined "pedophilic disorder" as "a sexual arousal primarily with prepubescent children."

There was very short testimony from appellant's probation officer and an aftercare worker from DYS who was involved in appellant's case; none of the testimony is relevant to the point made on appeal.

D.S. v. State , 2017 Ark. App. 485, at 2, 528 S.W.3d 878, 879 (citing Ark. Code Ann. § 9-27-356(a)(3) ).

Id. at 2-3, 528 S.W.3d at 879 (citing Ark. Code Ann. § 9-27-356(b)(1) ).

Id. , 2017 Ark. App. 485, at 3, 528 S.W.3d at 879.

Wade v. State , 2009 Ark. App. 346, at 3-4, 308 S.W.3d 178, 181 (2009) (quoting Brown v. State , 375 Ark. 499, 292 S.W.3d 288 (2009) (internal citations omitted) ).

Ark. Code Ann. § 9-27-356(b)(2).

Ark. Code Ann. § 9-27-356(d).