III. Analysis
A. Endangering the Welfare of a Minor
We begin our statutory analysis by examining the plain language of the endangerment statute. A person commits the offense of endangering the welfare of a minor in the first degree if, being a parent, guardian, person legally charged with care or custody of a minor, or a person charged with supervision of a minor, he or she purposely engages in conduct creating a substantial risk of death or serious physical injury to a minor. Ark. Code Ann. § 5-27-205(a)(1). First-degree endangering the welfare of a minor is a Class D felony. Ark. Code Ann. § 5-27-205(b).
The State must prove beyond a reasonable doubt every element of a charged offense; this is axiomatic. Starling v. State , 2015 Ark. App. 429, at 4, 468 S.W.3d 294, 295 (citing Victor v. Nebraska , 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) ). In a case of endangering the welfare of a minor, the State must prove the existence of two distinct elements. First, the person committing the offense must be a parent, guardian, person legally charged with care or custody of a minor, or a person charged with supervision of a minor. Second, he or she must purposely engage in conduct creating a substantial risk of death or serious physical injury to a minor.
K.F.'s first argument on appeal focuses on the first of these two elements, i.e., that she was not among the class of persons who can commit the offense of first-degree endangerment of a minor. She notes that the State conceded below that she was not in this class of persons when the prosecutor stated, "As far as the statute, 5-27-205, indicating that a person charged with-must be charged with supervision of a minor, in this case, Your Honor, MaKayla Brewster was." The court also specifically asked the prosecuting attorney "who [the baby's mother testified] was responsible, who was the one that was babysitting?" The State replied, "[O]n this night, her particular answer was MaKayla."
Because K.F. was not "charged with supervision of a minor" as set forth in the statute, she is not in the class of persons who can commit the offense of first-degree endangerment.[1] As a result, K.F. cannot be principally culpable for committing the offense of first-degree endangerment. The circuit court recognized this point at trial, noting that K.F. was "correct in that the [endangerment statute] requires that somebody be a parent/guardian or otherwise legally charged with [the minor's] well-being." The court, however, accepted the State's argument *328 that it was proceeding against K.F. as an accomplice to MaKayla, who was the person charged with supervision of the minor. We must therefore consider the matter of accomplice liability under Arkansas's statutes.
B. Accomplice Liability
Arkansas Code Annotated section 5-2-403 provides as follows:
(a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, the person:
(1) Solicits, advises, encourages, or coerces the other person to commit the offense;
(2) Aids, agrees to aid, or attempts to aid the other person in planning or committing the offense; or
(3) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to prevent the commission of the offense.
(b) When causing a particular result is an element of an offense, a person is an accomplice of another person in the commission of that offense if, acting with respect to that particular result with the kind of culpable mental state sufficient for the commission of the offense, the person:
(1) Solicits, advises, encourages, or coerces the other person to engage in the conduct causing the particular result;
(2) Aids, agrees to aid, or attempts to aid the other person in planning or engaging in the conduct causing the particular result; or
(3) Having a legal duty to prevent the conduct causing the particular result, fails to make a proper effort to prevent the conduct causing the particular result.
(Emphasis added.)
Below, the State argued--and the court found--that K.F. was an accomplice of MaKayla in the commission of the offense of endangering the welfare of a minor. To be culpable as an accomplice to MaKayla, K.F. must have solicited, advised, encouraged, or coerced MaKayla to commit the offense of endangerment, Ark. Code Ann. § 5-2-403(a)(1) ; must have aided, agreed to aid, or attempted to aid MaKayla in planning or committing the offense of endangerment, Ark. Code Ann. § 5-2-403(a)(2) ; or, having a legal duty to prevent the commission of the offense of endangerment, K.F. must have failed to make a proper effort to prevent it, Ark. Code Ann. § 5-2-403(a)(3). In short, K.F. must have taken some action to further MaKayla's commission of the offense. On the record before us, she did not.
In this case, the State alleged--and the court found--that the act of sparking a stun gun at the baby was conduct that created a substantial risk of death or serious physical injury to a minor. On the record before us, K.F. was the person engaged in that conduct, but as discussed above, she is not in the class of persons who can commit the offense of first-degree endangerment. MaKayla is a person within the class of persons who can commit the offense of first-degree endangerment, but she did not engage in the act of sparking a stun gun at K.W. In other words, on the record before us, MaKayla did not engage in conduct creating a substantial risk of death or serious physical injury to a minor as it relates to the use of a stun gun.[2] Because MaKayla did not *329 engage in such conduct, she did not commit the offense of first-degree endangerment. As a result, K.F. cannot be an accomplice to an offense that was never committed by another person.
As noted above, we construe criminal statutes strictly in favor of the defendant. Holcomb, supra. Construing the accomplice-liability statute strictly, there must be evidence that the defendant engaged in some course of conduct that assisted "the other person to commit" an offense. "The other person" in this case is MaKayla, and MaKayla did not commit an offense. The circuit court therefore erred in adjudicating K.F. delinquent on the basis of accomplice liability.[3]
Reversed and dismissed.
Klappenbach and Vaught, JJ., agree.

On appeal, the State suggests that the trial testimony supports a conclusion that K.F. was "helping" MaKayla babysit and that she was thus "charged with supervision" of the baby. We cannot agree. Not only did the State essentially concede at trial that K.F. was not charged with supervision of the minor, the evidence showed that she was not so charged. Alysia Watkins testified repeatedly that MaKayla was the one she left in charge of her daughter. "MaKayla was babysitting." "I was paying MaKayla to babysit my baby." "I had an agreement with MaKayla to babysit my daughter that day." "From my perspective the person babysitting my daughter was MaKayla. I never had any conversations with K.F. or T.M. about babysitting my daughter." The State is therefore incorrect when it tries to argue that K.F. was charged with supervision of the minor. We note that the use of the word "charged" here follows the statute and does not refer to a formal charge reflecting criminal culpability.

Although the Snapchat video also showed MaKayla slapping the baby on the head, the circuit court expressly found that there was no evidence that K.F. was involved in that offense.

Because we conclude that K.F. could not have been adjudicated delinquent under the statute as charged, it is unnecessary to address her second argument on appeal, wherein she contends that the evidence was insufficient to support the endangerment finding.