Cite as 2019 Ark. App. 367

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-34

| | |
|---|---|
| MELVIN E. HERRON<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 11, 2019<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-15-1858]<br><br><br>HONORABLE BRAD KARREN, JUDGE<br><br>REVERSED AND REMANDED WITH INSTRUCTIONS |

## PHILLIP T. WHITEAKER, Judge

Appellant Melvin Herron appeals an order from the Benton County Circuit Court denying his petition for the return of seized property, specifically a Mossberg 12-gauge shotgun. Herron urges that the circuit court erred in finding that the State proved the shotgun was contraband that had been used in the commission of a felony. We agree, and we reverse and remand with instructions.

We provide the following background information to assist in understanding the nature of this appeal. Herron, a seventy-three-year-old man, lives on a farm that is encompassed by the city of Centerton. In 2015, Herron was accused of harassment by his neighbors, who alleged that Herron would walk up and down the street "howling" and firing a shotgun between 5:30 and 6:30 a.m. Charges were filed in the Centerton District

Court, and Herron was found guilty of misdemeanor counts of harassment. He appealed his district court convictions to the Benton County Circuit Court.

Once in circuit court, the State amended the criminal information to include two felony counts of first-degree stalking and two misdemeanor counts of harassment. Herron pled not guilty to the felony charges. Ultimately, the State moved to reduce the first-degree stalking charges to misdemeanor counts of third-degree stalking, and Herron entered a plea of nolo contendere to the four misdemeanors. The court subsequently entered an order granting the State's motion to reduce the felony counts to misdemeanors, accepting Herron's plea and finding him guilty of committing the misdemeanors, and sentencing him to 120 days in jail with 35 days suspended and 85 days' jail credit for the time he served following his district court conviction. The court also ordered Herron to have no contact with his neighbors, ordered him to surrender all firearms that he possessed, and forbade him from possessing any firearms for twelve months.

After waiting the prescribed twelve months, Herron filed a petition in circuit court seeking the return of his seized property. Herron specifically sought the return of a 12-gauge Mossberg shotgun. The State responded to Herron's motion by asserting that the shotgun had been used in the commission of a felony and was therefore nonreturnable contraband pursuant to Arkansas Code Annotated section 5-5-101 (Repl. 2013).

The circuit court held a hearing on Herron's motion and considered arguments of counsel about whether the shotgun had been used in the commission of a felony. Herron argued that he had not used the shotgun in the commission of a felony, noting that all the counts to which he pled no contest in both district court and circuit court were

2

misdemeanors. The State argued that it had amended the information to include felony charges after Herron appealed from his district court convictions. The State admitted that the felony charges had been reduced and ultimately resulted in misdemeanor convictions, but it still took the position that the shotgun itself was used in the commission of a felony. The State called no witnesses and presented no evidence at the hearing. Herron was the only witness who testified.

The court denied Herron's petition, entering an order finding that the shotgun was contraband and thus not subject to return under section 5-5-101. Herron filed a timely notice of appeal and, after the court entered another order finding that the shotgun was no longer needed for evidentiary purposes, a timely amended notice of appeal.

We begin our analysis by determining the appropriate standard of review. We have found no cases specifically setting forth the standard of review for an appeal arising under section 5-5-101. The circuit court in this case, however, held a hearing and considered testimony on the relevant issues. Our standard of review is therefore that of a bench trial. *See, e.g.*, *Sharp v. State*, 350 Ark. 519, 531–32, 88 S.W.3d 848, 850 (2002) (setting forth standard of review in an appeal considering whether certain machines were illegal gambling devices). Under this standard of review, we determine whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.*

Next, our analysis turns to the applicable law. Section 5-5-101(a) provides that "[a]ny seized property shall be returned to the rightful owner or possessor of the seized property except contraband owned by a defendant." Subsection (b)(1) of the statute defines "contraband" as "any [a]rticle possessed under a circumstance prohibited by law [or] [w]eapon or other instrument used in the commission or attempted commission of a felony." Ark. Code Ann. § 5-5-101(b)(1)(A)–(B).

In the circuit court, the parties did not dispute that Herron was the rightful owner of the shotgun or that the shotgun had been seized. The parties centered their dispute on whether the shotgun met the definition of contraband under the statute. The State argued that a felony conviction is not necessary to meet the definition of "contraband" within the relevant statute, only that the weapon be used in the "commission" of a felony. Herron argued that even under the State's position, he did not "commit" a felony because he was convicted of a misdemeanor. The circuit court concluded that the shotgun was "contraband" on the evidence before it.[1] For the reasons set forth below, we disagree.

The arguments presented by the parties to the circuit court raise an issue of statutory interpretation. We review issues of statutory interpretation de novo because it is for this court to decide what a statute means. *K.F. v. State*, 2019 Ark. App. 312, at 3, 578 S.W.3d 324, 326–27. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *J.L.W. v. State*, 2019 Ark. App. 40, at 5, 570 S.W.3d 480, 483. Additionally, in

___

[1]Although Herron argues that the shotgun was not contraband under either section 5-5-101(b)(1)(A) or (b)(1)(B), the circuit court's ruling that the shotgun was contraband only addressed subsection (b)(1)(B) (i.e., "used in the commission or attempted commission of a felony"); thus, we need to consider only that subsection in our analysis.

construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.*

Our interpretation of section 5-5-101 and our resolution of this case depends on the question of who has the burden of proof under the statute. Herron asserts that the burden of demonstrating that an article of seized property is, in fact, contraband falls to the State. In support of this contention, he cites *State v. 26 Gaming Machines*, 356 Ark. 47, 145 S.W.3d 368 (2004). In that case, the State had seized several alleged gaming machines pursuant to section 5-5-101(a) and (b), but the owner of the machines argued for their return. The circuit court held a hearing on the matter and subsequently found that the State failed to provide any evidence that the countertop machines were used as gambling devices and, consequently, that the machines were not forfeitable pursuant to the statute.

The court's holding in *26 Gaming Machines* does not expressly state that the State bears the burden of proof under section 5-5-101, but we agree that this is the applicable rule. Our conclusion is bolstered by other analogous statutes, such as Arkansas's drug-forfeiture statutes. In cases arising under those statutes, the State bears the burden of proof in proceedings. For example, Arkansas Code Annotated section 5-64-505 (Supp. 2017) defines items that are subject to forfeiture upon the initiation of a civil proceeding filed by the prosecuting attorney; among those items are "[a]nything of value, including firearms . . . used, or intended to be used, to facilitate any violation of [the Uniform Controlled Substances Act]." This court has construed that language to mean that under Arkansas law, "for property to be subject to forfeiture, *the State must prove by a preponderance of the evidence*

5

that the property was used, or intended to be used, to facilitate a violation" of that Act. *U.S. Currency in Amount of $70,000 v. State*, 2014 Ark. App. 127, at 5 (emphasis added).[2]

We therefore conclude that when the rightful owner of seized property files a motion to have the property returned, the State must prove by a preponderance of the evidence that the seized property is contraband. In other words, it is the State that must prove that the weapon was used in the commission or attempted commission of a felony. In this case, the State offered no evidence whatsoever in support of its contention that the Mossberg shotgun had been used in the commission of a felony. The State called no witnesses to testify to the felonious nature of Herron's actions with the shotgun, nor did it offer into evidence any records of the district court proceedings, the amended information reflecting the felony charges, or even the circuit court's order reflecting its granting of the State's motion to reduce the felony stalking charges to misdemeanors. Indeed, the State offered no evidence at all; instead, the prosecuting attorney merely offered the opinion that he "just [did] not think Mr. Herron should have this shotgun back since he was using it." It is beyond question, however, that arguments of counsel are not evidence. *Dorsey v. State*, 2012 Ark. App. 183, at 8, 393 S.W.3d 578, 582; *Durdin v. State*, 59 Ark. App. 207, 955 S.W.2d 912 (1997). By failing to produce any evidence at all, the State clearly failed to meet its burden of proving that the shotgun was contraband.

---

[2]There is an exception to the burden of proof under section 5–64–505 for items that are found in close proximity to a forfeitable controlled substance; such property is *presumed* to be forfeitable, and the burden of proof rests with the claimant of the property to rebut the presumption by a preponderance of the evidence. Ark. Code Ann. § 5–64–505(a)(7). That is not the situation in our current case, however.

The only testimony concerning the shotgun came from Herron. He explained that he owned the shotgun at issue and that he fired his shotgun because he saw coyotes on his property. He denied that he had ever aimed a firearm at anyone, noting that he is "73 years old and I have better sense than that." Herron offered testimony that he did not have felonious intent or engage in the commission of a felony with the use of his shotgun. Because the State, as the party bearing the burden of proof, offered no evidence, we are left with a firm conviction that the circuit court clearly erred in finding that the shotgun was contraband. We therefore reverse the circuit court's order and remand with instructions for the circuit court to enter an order restoring the shotgun to Herron's possession.

Reversed and remanded with instructions.

GRUBER, C.J., and SWITZER, J., agree.

*Lucas Law Firm, PLLC*, by: *Mark C. Lucas Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.